ADAM KELLY, plaintiff in error, *vs.* LINTON STEPHENS *et al.*, defendants in error.

It appeared from the record, that in the year 1859, one Harrison had a judgment against Kelly, and was about to levy on and sell the land now in controversy, when Kelly applied to Thomas W. Thomas, who loaned him the money to relieve the land from sale, and took his note, secured by mortgage, which was afterwards assigned to James Thomas, the plaintiff's testator, the lien of which it is now sought to enforce by the sale of the land, and the defendant, Kelly, claims a homestead in the land as against the plaintiff's mortgage lien : *Held*, that the defendant is not entitled to claim a homestead in the land. First, because the Homestead Act is unconstitutional and void as against the defendant's *prior contracts*. Second, if the Homestead Act was constitutional as to past contracts, the plaintiff's mortgage created an *"incumbrance"* upon the land which the defendant was bound to discharge before he is entitled to his homestead under that Act. The term "incumbrances," as used in the Constitution of 1868, was there used in the *legal* sense of that word, and should receive its *obvious legal interpretation* by the Courts in the construction thereof.

(See opinions of BROWN, C. J., and McCAY, J.)

Illegality.    Homestead.    Before Judge ANDREWS.    Hart Superior Court.    March Term, 1869.

Linton Stephens and Cosby Connell, as executors of James Thomas, deceased, foreclosed a mortgage made by Kelly on the 3d of May, 1859, and a mortgage *fi. fa.* issued accordingly, in April, 1867.  Kelly had said land laid off and set apart as his homestead under the " Homestead Act " of 1868. In February, 1869, said *fi. fa.* was levied upon said land, and Kelly stopped the sale by filing his affidavit that the *fi. fa.* was proceeding illegally, because said land had been so set apart.

When the question came on for a hearing, besides the foregoing facts, it appeared that in 1859 one Harrison had a judgment against Kelly, under which said land was about to be sold, and to prevent such a sale, Thomas W. Thomas loaned Kelly the money to pay off said judgment, and took from Kelly his note therefor, secured by the mortgage upon which the present *fi. fa.* is founded, and that afterwards

Thomas W. Thomas transferred said mortgage to said James Thomas.

The Court charged the jury that the Constitution of 1868, and the Homestead Act passed under it, could not withdraw said land from the lien of such pre-existing mortgage. The jury found against Kelly, and the *fi. fa.* was ordered to proceed. Said charge and order are assigned as error.

J. H. SKELTON, E. P. EDWARDS, for plaintiff in error.

A. T. AKERMAN, for defendant in error, contended that even if the Homestead Act would retroact, the facts of this case rendered said land subject to the *fi. fa.* under the said Act.

WARNER, J.

The facts in this case are, that in the year 1859, one Harrison had a judgment against Kelly, who was the owner of a tract of land in Hart county. Harrison was about to levy his execution on Kelly's land in satisfaction of his judgment, when Kelly, the defendant in *fi. fa.*, borrowed of Thomas W. Thomas the money to pay off said execution in satisfaction of the judgment, and executed his note to Thomas, as well as a mortgage upon the land, to secure the payment thereof. Subsequently Thomas W. Thomas assigned the note and mortgage to James Thomas, the plaintiff's testator, who foreclosed the mortgage, and levied the mortgage *fi. fa.* on the land to satisfy the same. Kelly had a homestead laid off on the land, as provided by the Constitution of 1868, and the Act of the Legislature enacted to carry into effect that provision of the Constitution, and claimed that his land was exempt from sale under the provisions of the Homestead Act. On the trial of the case in the Court below, the Court charged the jury, " that the Constitution of 1868, and the Homestead Act passed under it, could not *withdraw* said land from the lien of such *pre-existing* mortgage." This charge of the Court is assigned as error.

This Court is *unanimous* in its judgment affirming the

judgment of the Court below, but for *different reasons.* I shall state my own reasons only for affirming the judgment. First, because the Homestead Act is unconstitutional and void as against the defendant's *prior* contracts, for the reasons stated in my dissenting opinion in the case of *Hardeman vs. Downer,* decided during the present term of the Court. Second, if the Homestead Act was constitutional as to prior contracts, the plaintiff's mortgage created an " incumbrance " upon the land which the defendant is bound to discharge before he is entitled to his homestead in the land under that Act. What is an incumbrance? Webster defines an encumbrance to be " a legal claim on an estate for the discharge of which the estate is liable." Bouvier defines an incumbrance to be " An embarrassment of an estate or property so that it cannot be disposed of without being subject to it. A mortgage, a judgment, a lien for taxes, are examples of incumbrances." 1st Bouvier's Law Dictionary, 513. The fourth section of the Revised Code declares the rule that shall govern the construction of all statutory enactments in this State. First. " The ordinary signification shall be applied to all words except words of art, or connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such trade, or with reference to such *subject matter.*" Now if we construe the word " incumbrances," as used in the Constitution providing for a homestead, either in its *ordinary* signification as defined by Webster, or according to its *legal* definition as defined by Bouvier, it will include mortgages and judgments, for mortgages are liens created upon the land by the *act of the parties,* and judgments are liens created upon the land *by law,* and both are " incumbrances," for the discharge of which the land is liable. If the mortgage or judgment is an incumbrance upon the land at the time of setting apart the homestead, then it may be enforced, for the removal of " incumbrances " constitutes one of the exceptions. The plaintiff's mortgage in this case being an incumbrance upon the land, before and at the time the homestead was set apart, he had

the legal right to enforce it under the provisions of the Homestead Act.

I am aware that a majority of this Court, in the case of *Chambliss vs. Phelps*, decided during the present term, held, that the Court had no jurisdiction to enforce an execution issued upon a judgment to foreclose a mortgage made before the adoption of the Constitution of 1868, against the homestead claimed by Chambliss. Having dissented from the judgment of the Court in that case, I have not been able to perceive any difference in principle, between Phelps' legal right to enforce his mortgage against Chambliss' homestead, and the plaintiff's legal right to enforce his mortgage against Kelly's homestead, in this case. Both mortgages were executed *prior* to the adoption of the Constitution of 1868, and both were incumbrances on the land claimed as a homestead. As I understand the ruling of the majority of the Court in the case of *Chambliss vs. Phelps*, if Harrison had retained his judgment lien in full force upon Kelly's land up to this time, he could not have enforced it against Kelly's homestead, and if Harrison could not now enforce his judgment lien against Kelly's homestead, if he had continued to hold it, in what better condition is Thomas W. Thomas, and those claiming under him, than Harrison would have been? Kelly borrowed the money from Thomas, paid off Harrison's judgment, gave his note for the money, and executed a mortgage on the land to Thomas. Thomas, and those claiming under him, certainly have no higher or stronger legal or equitable claim to enforce their lien or incumbrance than Harrison, to whose rights they were subrogated. In fact, the incumbrance taken by Thomas on Kelly's land was *inferior* in dignity to that held by Harrison on his land, and yet the majority of the Court held, that Harrison could not have enforced his incumbrance against the homestead, nor can Phelps enforce his incumbrance against the homestead, but that the plaintiffs in this case *can* enforce their mortgage incumbrance against Kelly's homestead; which ruling, in my judgment, is *right,* but I cannot see any difference in principle between *Phelps and Chambliss,* and *this case.* Both were incumbrances

created by the mortgage on the land claimed as a homestead *prior* to the adoption of the Constitution, and both ought to be discharged as incumbrances thereon.

Let the judgment of the Court below be affirmed.

McCay, J., concurring, wrote no opinion. His reason propounded from the bench was as follows: " An execution founded on a debt contracted for the purpose of paying a judgment about to sell the land, is within the exceptions to the constitutional provision securing to the family of a debtor, a homestead; it is an execution founded on a debt contracted for the removal of an incumbrance, and comes within the express exception of this Act."

Brown, C. J., concurred as follows:

1. The first section of the seventh article of the new Constitution of this State is retroactive as well as prospective, and denies jurisdiction to the Courts to enforce any judgment, decree or execution heretofore or hereafter *rendered against* the homestead, except as therein excepted.

2. The exceptions are also retroactive as well as prospective, and the Courts have jurisdiction to enforce a judgment rendered upon a debt contracted prior to the adoption of the Constitution, for money lent to remove an incumbrance from the land now claimed as a homestead.