Gardner *vs.* Jeter—Gardner *vs.* Adams—Bohler *vs.* Schneider *et al.*

JOSEPH M. GARDNER, trustee, plaintiff in error *vs.* MORTI-
MER JETER, administrator, defendant in error.

JOSEPH M. GARDNER, trustee, plaintiff in error *vs.* JOHN
ADAMS, defendant in error.

The Relief Act of October 13th, 1870, making the payment of taxes
upon debts contracted prior to June 1st, 1865, a condition precedent
to a recovery thereon, is unconstitutional.

Relief Act of 1870. Constitutional law. Before Judge
JOHNSON. Talbot Superior Court. March Term, 1873.

The two cases above stated were submitted without argu-
ment. Sufficient facts are stated in the decision to render it
intelligible.

MARION BETHUNE; W. A. LITTLE, by PEABODY &
BRANNON, for plaintiff in error.

No appearance for the defendant.

WARNER, Chief Justice.

This case, and the case of the same plaintiff against Adams,
were submitted together. The error assigned is the dismissal
of each case by the Court for non-payment of taxes, as required
by the Act of 1870. The dismissal of both cases for non-
payment of taxes was error.

Let the judgment of the Court below, in each case, be re-
versed.

---

JOHN A. BOHLER, tax collector, plaintiff in error, *vs.* ERNEST
R. SCHNEIDER *et al.* defendants in error.

1. The Act, approved 20th February,. 1873, imposing a special tax on
wholesale dealers in malt liquors, is not in violation of the 27th sec-
tion of Article I. of the Constitution of the State, which says "taxa-
tion on property shall be *ad valorem* only, and uniform on all species
of property taxed."

2. Such a tax is a tax on a business, occupation, or calling, as decided in *Burch vs. Mayor and Aldermen of Savannah,* 42 *Georgia* 596, and hence is not a tax on the sale of liquors, which, by the 3d section of Article VI. of the Constitution, may be assessed for educational purposes.

3. A tax levied on such whole saledealers is not void for uncertainty, on the ground that the law nowhere defines what constitutes a wholesale dealer. That is a fact that can be determined like all other facts, as, for instance, whether the party taxed as a practicing attorney or assessed as the owner of certain property, is such attorney or owner. It may be ascertained in cases like this, under the provisions of sectoni four of the Code, from experts in such business, and other proper evidence. The question whether the person so taxed is a wholesale dealer, cannot be raised on a bill to enjoin a tax collector from collecting a tax so assessed.

Constitutional law. Tax. Injunction. Before Judge GIBSON. Richmond County. At Chambers. June 4th, 1873.

The tax collector of Richmond county, having assessed a license tax of $250,00 upon each of the defendants in error, as wholesale dealers in malt liquors, under section 2, paragraph 9, of the Tax Act, approved 20th of February, 1873, and executions having been issued therefor upon their failure to pay, they filed their bill to enjoin the levying and collecting of said executions—maintaining that they were not wholesale dealers, in the proper sense of the term; that the Act is unconstitutional and void, because though called a license tax, it is in fact a tax upon property, and should be uniform and *ad valorem;* that even if it is a specific tax, it is not a tax levied under circumstances authorized by the Constitution, viz: for educational purposes; that even if it is a special tax and levied for educational purposes, it is still unconstitutional, in that it is not *ad valorem;* that the tax collector is seeking to enforce such Act for a time when it was not obligatory upon the inhabitants of this State; and that if it is a license tax, that authority is alone conferred upon the city of Augusta.

The tax collector, by his answer, maintained that he had assessed said tax on the first day of April, 1873, when said

Bohler *vs.* Schneider.

Act was of force and obligatory on the inhabitants of this State; that said Act is constitutional; it does not impose a tax on property which must be uniform and *ad valorem*, but a special or license tax on business; that he assessed said tax against said parties as wholesale dealers in malt liquors, which business they were transacting at said time in said county, and upon their failure to pay said tax, he proceeded to issue executions therefor, in obedience to law, and under instructions of the Comptroller General, to hold liable, among others, "dealers who sell ale and porter in bottles packed in casks, by the cask;" that said parties were wholesale dealers in malt liquors, and legally liable for the tax; that as there could be no judicial interference with the collection of a State tax—which this is—he protested against the granting of the injunction, as without warrant of, and in violation of law.

The Chancellor sanctioned the bill, and ordered the injunction to issue. Whereupon the defendant excepted.

CLAIBORNE SNEAD; J. C. C. BLACK, for plaintiff in error.

This tax is authorized by the Act approved February 20th, 1873: See Acts 1873, p. 64. This Act is constitutional: See Constitution of 1868, Art. VI. sec. 3; Kenny *et al. vs.* Harwell, 42 Ga., 416.

The Judge granted the injunction because the tax was neither *ad valorem* nor uniform. This special tax authorized by Article VI. section 3 of the Constitution, is an exception to the rule, requiring taxation to be uniform and *ad valorem:* 42 Ga., 416, Cooley's Constitutional Limitations. See p. 496.

The Act was obligatory, having been approved February 20th, 1873, and published within ten days after the adjournment of the session, by resolution, approved February 19th, 1873. The tax was assessed 1st April, 1873, a month or more after the publication of the Act: See Pamphlet Acts 1873.

The Act of December 24th, 1791, giving the city of Augusta "sole regulation and power of governing and directing

taverns, and granting licenses," is repealed by the Act of February 20th, 1873, and the Constitution of 1868, Article VI. section 3, if there is any conflict between them. But we maintain that they are not in conflict. The authority conferred on the city of Augusta by the Act of 1791, cannot be authority to license all businesses, but a proper construction of the Act, limits the authority to grant licenses to taverns or *retail dealers.* The Act of 1873 levies a tax on *wholesale dealers.* Under the Act of 1791, the city of Augusta may license the business for the city. Under the Act of 1873, the State levies a State tax for the county in which the business is carried on. The use of the term *license* tax may somewhat confuse the question. But in fact this is a special tax, as authorized by Article VI. section 3, of the Constitution, *to be devoted to the support of common schools.* Was it contemplated that the city of Augusta should so devote it?

It was necessary for the Act to devote it to the common school fund, it is already devoted by the Constitution.

The Court was prohibited from interference by injunction: Code 3618; 45 Ga., 85.

BARNES & CUMMING, for defendants.

1st. The paragraph of the Act under which the license tax is assessed provides that the tax shall be assessed against wholesale dealers in malt liquors. The complainants deny that they are wholesale dealers in malt liquors. An issue of fact is raised which can only be decided by a jury.

2d. The Act is void for uncertainty. Neither the Act in question nor any other statute of the State defines what is a wholesale dealer in malt liquors. Neither is there any law authorizing the Comptroller General to prescribe a definition. For him to attempt it, is to attempt the exercise of legislative power. It cannot be defined by a resort to dictionaries, nor by the usages of trade in its sale to dealers or consumers. It can only be defined by statute, and just as a retail dealer in *spirituous* liquors is defined by statute.

Is it a tax or a license? If a tax, it is an attempt on the part

Bohler *vs.* Schneider.

of the Legislature to impose on the sale of malt liquors, or the owners who sell the same in large quantities, a burden for the support of Government not imposed on other citizens. It is to all intents and purposes a tax on property. As such it is an unconstitutional tax, because it is not *ad valorem* and uniform: Cons., Art. I. sec. 27; 41 Ga., 21.

If not a tax on property, but a specific tax, as provided for in third paragraph, Article VI. Constitution, it should be an *ad valorem* tax: Judge WARNER, 42 Ga., 427.

Again, if a specific tax, then it could only be assessed for educational purposes. The Act does not appropriate it to educational purposes. Former Tax Acts did, in terms, make such appropriation of such taxes: See Tax Acts of 1868 and 1869. The Comptroller General has no right so to appropriate it. Who shall draw it from the treasury and so appropriate it? This can only be done by law: Cons. Art. III. sec. 6, paragraph, 1. Such law can be passed only by the Legislature. It is not for any executive officer to assume its functions.

If it is not a tax but a license, then the sole power of granting the license has been delegated to Augusta: Act of 24th of December, 1791; Watkins' Dig. 453. This Act not repealed by Tax Act of 1873: 15 Ga., 361. And in force by virtue of the Constitution: Art. XI. par. 4.

At the time of the passage of the Act of 1791, the Constitution, then in force, did not prohibit in the body of the Act any matter different from what is expressed in the title: See Cons. 1789. The delegation of this power to the cities of Savannah and Augusta applies to wholesale as well as retail licenses. Those cities, under the Act, have exercised the powers for three quarters of a century, and its exercise has been acquiesced in by the State.

It is said, however, there cannot be judicial interferenec, this being a State tax, it being prohibited by section 3618 of the Code. The tax in question is not a tax under the Code. Judicial interference repeatedly recognized by this Court: 3 Kelly, 233; 43 Ga., 480; 44 Ga., 388. In 42 Georgia, the Court

divided. In 45 Georgia, 85, the Court cautious to confine its decision to the special case under consideration: See also, 27 Ga., 354. Are the Courts open to some citizens and closed to others? Are some remitted to the action at law against the tax collector, and others not? Is section 1 of Article I. of the Constitution without meaning?

The remedy of an action at law against the tax collector, no remedy at all.

The 3618th section of the Code unconstitutional: Cons. Art. I. sec. 5; also, Art. I. sec. 3; Cooley's Cons. Lim., 521.

If this be a license, then not prohibited by section 3618 of Code. That section limited to taxes. A license not a tax: 36 Ga., 460.

In laws imposing taxes, if there be a real doubt, whether the intention of the Act was to levy the tax, that doubt should absolve the tax payer: 8 Ga., 23. The taxing power should be kept strictly within the limits of the law: 10 Allen, 575.

TRIPPE, Judge.

1. The Act of February 20th, 1873, imposed a special tax on wholesale dealers in malt liquors, and the defendants in error complain that the same is in violation of Article I. section 27 of the Constitution, which says, "taxation *on property* shall be *ad valorem* only, and uniform on all species of *property* taxed." The Chancellor granted an injunction restraining the collection of such tax, and the tax collector excepted. This case, so far as it involves that point, comes clearly within the decision made in the case of *Burch vs. the Mayor and Aldermen of Savannah,* 42 *Georgia,* 596.

2. This decision seems to have escaped the notice of counsel on both sides, and also of the Chancellor who granted the injunction. It decides that the municipal authorities of Savannah could assess a special tax on *retail dealers* in liquor within that city; that such a tax was not a tax on property, but on a business, occupation, or calling, and was not an illegal tax under the provision of the Constitution quoted above. If a municipal

Bohler *vs.* Schneider.

corporation, can impose such a tax—a tax on a business or occupation, surely the State has equal authority. For, as stated in that case, this Court has held that the limitations upon the taxing power, in the Constitution, apply as well to cities and towns as to the Legislature. If the former are not inhibited by the Constitution from assessing such a tax, neither is the Legislature. As that decision was made in 1871, nothing further need be said than to call attention to it. It is under the principle therein settled that the special tax on doctors, lawyers, dentists and many others, which have never been questioned, have been assessed and collected for many years before, as well as since the adoption of the present Constitution.

3. A tax on wholesale dealers in malt liquors is not void for uncertainty, on the ground that such dealers are nowhere by law defined. The law does not define what a dentist is, nor is there any legal rule prescribed for ascertaining who shall come within the description of many other occupations upon which a tax is imposed. Section 4, new Code, provides, amongst other rules for governing in the construction of statutes, the following: "The ordinary signification shall be applied to all words, except words of art, or connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such trade, or with reference to such subject matter." Under this rule a tax collector could easily inform himself, after ascertaining the facts, whether a particular person fell within the class taxed. This he could do as easily as he could ascertain whether a certain party was a practicing attorney or was the owner of certain property.

As to the right of a party complaining in such a case, to an injunction restraining the tax collector from collecting the tax due or claimed to be due the State—the question has often been before this Court: See 21 *Georgia*, 59 ; 27 *Georgia*, 357; 33 *Georgia*, 622; 45 *Georgia*, 85. Those cases settle the principle that no such right exists as will entitle the tax payer to an injunction for the purpose of testing, by judicial

intervention, whether or not he is in fact liable to the tax assessed.

We think that the injunction against the tax collector of Richmond county was improperly granted.

Judgment reversed.