BAILEY *vs.* THE STATE OF GEORGIA.

1. An indictment for malicious mischief which charged the commission of the offense in a certain year without naming either a day or month was defective, and should be quashed on special demurrer before arraignment.

2. The mere shooting of a cow is not rendered criminal by the statute, but only the killing or maiming of cattle or the killing of a hog. In other cases the owner is remanded to his civil action.

Criminal Law. Indictment. Before Judge SIMMONS. Monroe Superior Court. February Term, 1880.

Reported in the decision.

W. D. STONE; CABANISS & TURNER; H. C. PEEPLES, for plaintiff in error.

F. D. DISMUKE, solicitor-general, by STEWART & HALL, for the state.

HAWKINS, Justice.

This was an indictment in Monroe superior court against the defendant, Bailey, for malicious mischief. The same was returned by the grand jury at the July term, 1879.

1. The charge was that the defendant did on the —— day of ———, 1879, shoot in the side a certain cow, thereby wounding and injuring her, and rendering her less useful to the owner. To this indictment the defendant, before arraignment, demurred upon the ground that the same did not allege a day, or that the crime was committed before the finding of the bill of indictment, which demurrer the court overruled, and defendant excepted. Code, §4628 provides "that every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so

plainly that the nature of the offense charged may be easily understood by the jury, also the form of every indictment or accusation shall be as follows: The grand jurors * * * charge the defendant of the county aforesaid with the offense of ——, for that A.B. (here state the offense and the time and place of commiting the same, with sufficient certainty) contrary to the laws of said state," etc.

In 58 *Ga.* the court, in the case of *Harris vs. The State*, says: "In regard to this point that after arraignment and plea, the indictment alleging an impossible day, or one after the indictment was found, would be held good, but not where it was excepted to in time, on special demurrer in writing, 25 *Ga.*,516; 55 *Ga.*, 304 and 625. These were all cases where the defendant had gone to trial and after the time for special demurrer had passed, had sought the advantage. But the defendant is entitled, if he demand it in time, to have a perfect indictment in form as to the essential elements of the time and place, and when he demurred specially before arraignment, he ought to have the time stated with reasonable certainty at least. See 58 *Ga.*, 332, *Harris vs. The State*. We think the foregoing decision is in accord with the requirements of the Code, that some day ought to be alleged in the indictment within the statutory period and before the finding of the bill, and that such allegation ought to be clearly made, therefore the court erred in overruling the demurrer to the indictment.

2. As to the second ground, it appears that the defendant was charged with shooting the cow of the prosecutor in the side, and the question arises, was that a crime according to the law of the state?

It will be remembered that at the common law it was not a crime to kill, maim, wound or hurt a horse, cow or hog, but the injured party was put to his civil remedy to recover his damages.

Our legislature in 1755 and 1801 adopted the common law, and provided that in case any person or persons

v 65—27

shall kill, maim, hurt, destroy any cattle, horses, sheep, goats or game, trespassing or shooting into any garden, etc., shall answer and make good to the owner thereof all damages and injury sustained, the same to be recovered before two justices of the peace for the district, to be levied by distress and sale of the offender's goods. See Prince's Digest, page 180, edition 1821.

Subsequently by act of the general assembly, it was made criminal to kill or maim a horse, cow and the like, and also to kill a hog. See Penal Code of 1817, page 369. See Code, section 4612.

So it seems that the legislature did not intend to make it a criminal offense to wound, hurt or injure a cow, horse or the like, but only criminal when the act was to kill or maim in the case of cattle, and kill in case of swine, and in the law the words "kill, maim," were intended to be understood in their technical signification. We are therefore of opinion the court erred in not so holding.

Let the judgment be reversed.