FEATHERSTON, trustee, *vs.* ROUNSAVILLE & BROTHER.

1. Where, in the particular trade of selling and buying bacon and pork sides, the words, "fully cured," were used as descriptive of the classification of articles sold, in a contest in regard thereto, such words are to have the meaning attached to them by experts—that is, persons in the trade.

2. There was no error in charging that, if the contract was that the meat had been salted over thirty-five days, and that delivered had been so, and was merchantable and fit for the purpose for which sold, then the plaintiff could not recover, the contract being according to plaintiff's version, for fully cured meat, and the evidence uncontradicted being that meat salted thirty-five days is, in the trade, fully cured.

3. The court did not abuse his discretion in not granting a new trial on account of newly discovered evidence.

February 7, 1885.

Laws. Trade. Customs. Words and Phrases. Contracts. Charge of Court. New Trial. Before Judge BRANHAM. Floyd Superior Court. March Term, 1884.

Featherston brought suit against Rounsaville & Brother, alleging that, in March, 1883, he bought a car-load of bulk meat from them, which they sold him for, and contracted should be, fully cured meat; that the meat proved not to be fully cured, in consequence whereof, notwithstanding all efforts to prevent it, a large amount, some $700.00 worth, spoiled and was lost.

On the trial, the evidence for the plaintiff tended to show that he had bought of defendants, through their agent, "fully cured meat;" that on the arrival of it, it was properly packed in a warehouse, but in a month or six weeks began to spoil, and caused loss to the plaintiff.

Several of the plaintiff's witnesses testified that, in the meat trade, there were three grades of bulk meats : that which had been in salt ten days, that which had been in twenty days, and that which had been in for thirty days or longer, and that the last kind was called "fully cured."

The defendants' agent denied that the sale to the plain-

Featherston, trustee, *vs.* Rounsaville & Brother.

tiff was specified to be of "fully cured" meat. There was also testimony on behalf of the defendants, to the effect that they had ordered from a packing house, and caused to be shipped to plaintiff, meat which had been in salt thirty-five days or more.

There was some other evidence as to how long meat of various grades would keep, and as to the propriety of packing a large amount of meat in spring to keep during the summer season.

The jury found for the defendants. Plaintiff moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged as follows: "The plaintiff alleges that his contract with the defendants was for 'fully cured' meat, and that the meat delivered was not fully cured. You must find from the evidence what fully cured meat is. You cannot go outside the evidence in this case to ascertain what fully cured meat is."—The objection was, that the words, "cured" and "fully cured," are ordinary English words, and do not require explanation by evidence.

(3.) Because the court charged as follows: "If the contract was for the sale of bulk meat which had been in salt thirty or thirty-five days, and the meat delivered was that kind, and was a good and merchantable article, reasonably suited to the use intended when sold and delivered, the plaintiff cannot recover."

(4.) Because of newly discovered evidence to show that meat, to be fully cured, should be in salt sixty days or more.

The motion was overruled, and plaintiff excepted.

J. H. REECE; C. N. FEATHERSTON, for plaintiff in error.

DABNEY & FOUCHE, for defendants.

JACKSON, Chief Justice.

This suit was brought by plaintiff in error against defendants in error for damages for bad meat sold the former by the latter.

There was some controversy about the contract, but the weight of evidence is, that by it the meat was to be fully cured.

1. The complaint is that the court instructed the jury to confine themselves to the evidence to ascertain the meaning of those words. The words were used in a particular trade—the sale and purchase of bacon or pork sides. This was the subject-matter of this trade, and under the Code, section 4, in respect to statutes which would apply, we think, to contracts, the words are to have the meaning attached to them by experts—that is, persons in the trade—where such words are descriptive of the classification of meats, or cotton, or articles of the sort in the particular trade. This is just such a case, and the judge rightly confined the jury to the evidence, which is that of those engaged in the trade, and as such, experts in the sense of the statute.

2. Another ground of error is, that the court instructed jury that if the contract was that the meat had been salted over thirty-five days, and was merchantable and fit for the purpose sold, then plaintiff could not recover. The contract being, according to plaintiff's version, for fully cured meat, and the evidence, uncontradicted, being that meat salted thirty-five days is, in the trade, fully cured, and that being by the plaintiffs' witness, we are at a loss to see error in the charge, if the first charge above considered be right, which confined the jury to the evidence to ascertain the meaning of those words.

3. The newly dicovered evidence consists of testimony to the effect that meat salted sixty days is "fully cured," and that length of time is the meaning, and not thirty-five; but this is testimony of other experts or dealers in the

trade, and we cannot say that the court below abused its discretion in not granting a new trial thereon. It should have been in, perhaps, with proper diligence, on the trial, and it would be interminable to try a case again and again, as evidence on the point tried might accumulate.

Judgment affirmed.