## PATTERSON *v.* THE STATE.

1. Of his own motion and over the objection of either party, the judge may recall the jury from their room and withdraw any instructions which have been improperly given, or give them needful instructions on any matter which through oversight was not included in the regular charge.

2. It was not error to instruct the jury that under an indictment for larceny from the house the defendant might be convicted of simple larceny, where he was charged with "wrongfully, fraudulently, and privately taking the property from the house and carrying it away with intent to steal the same."

3. The property was sufficiently described. The fact of the stealing was sufficiently alleged, the indictment following in substance the language of the Penal Code, § 155.

4. Under an indictment for stealing "one double-case silver watch," the variance was not fatal where it appeared that the accused took from a jeweler's bench the case and the works which had been separated for the purpose of repair.

5. The jury having found the defendant guilty of simple larceny, the question of larceny from the house was out of the case, and the assignments relating to rulings on that subject need not be considered.

6. There was nothing in the language of the judge, complained of, which amounted to coercing the jury into finding a verdict.

7. That ground of the motion which complains of the disqualification of the bailiff who was in charge of the jury fails to show that the defendant and his counsel were ignorant thereof; and by a note of the judge it is made affirmatively to appear that the jury was actually in charge of the deputy sheriff, and that the bailiff served only in his presence.

8. The argument of the solicitor-general did not afford ground for the grant of a mistrial; nor should a mistrial have been granted because the court received the verdict a moment before one of the jurors came into court, it

appearing that, as soon as he entered, the verdict was immediately properly published and received.

9. The evidence as to the ownership of the property and the possession of the house sustained the allegation in the indictment. The charge as to the effect of the defendant's taking the property under a bona fide claim was correct, and sufficiently covered that branch of the case to make it unnecessary to give the written request on the same subject.

10. The demurrer was properly overruled. The evidence sustained the verdict, which met the approval lof the trial judge. No error of law appears, and this court will not interfere with the refusal to grant a new trial.

Argued March 20, — Decided March 25, 1905.

Indictment for larceny.     Before Judge Crisp.     City court of Americus.     February 7, 1905.

By a special presentment the grand jury of Sumter county charged M. J. Patterson with the offense of larceny from the house; "for that" he "did . . the house, to wit the storehouse of Zack Childers, in said county situate, enter, and, having entered, one double-case silver watch, of the personal goods of said Zack Childers in said house, then and there being found, and of the value of thirty dollars, did wrongfully, fraudulently, and privately take therefrom and carry away, with intent to steal the same." The defendant demurred on the grounds, that the indictment charged no offense against the laws of Georgia; that it failed to allege that he "did steal" therefrom; and that the watch was not sufficiently described. From the evidence it appears that Zack Childers was in possession of a storehouse in which was a lot of jewelry and silverware, including the watch alleged to have been stolen. It further appears that Childers was selling the stock at auction, and that the defendant Patterson bought a part of the goods. Patterson obtained permission to leave the goods he had bought in the store, and Childers gave him a key to one of the doors of the place, retaining another for his own use. Childers retained control over the other goods in the store which had not been disposed of, and was in possession of the watch alleged to have been stolen. It needed repair, and the works were removed from the case, and in this condition it was on a bench. Later it was missed. Some time afterwards, and after something in the nature of a warning, the defendant admitted that he knew where the watch was. He subsequently came into the store, and when Childers returned from another

part of the building the watch was found in its original position, except that the works had been put in the case, and the back screwed on. There was some question as to whether the property had been taken from the store or concealed in a drawer under the counter. It was argued, therefore, that larceny from the house had not been shown. There was also evidence that the defendant stated that it was bankrupt stock and nobody would lose anything by the transaction. In his statement to the jury he set up a claim to the property. The judge charged on the subject of larceny from the house, and that if they found that the property had not been removed they might consider the question as to whether the defendant was guilty of an attempt to commit larceny from the house. After the jury had been out for some time they were called into open court, and upon inquiry the foreman replied to the judge that there was a difference of opinion among them. They did not ask to be recharged, but at the request of the solicitor-general, and over the objections of the defendant, the judge did again charge the jury, and withdrew from them what he had said about finding a verdict for an attempt, and further charged them as to the law of simple larceny.

The jury retired and soon thereafter returned with a verdict finding the defendant guilty of simple larceny. He made a motion for a new trial, in which he assigned as error the giving of the second charge in which the court instructed the jury as to the law of simple larceny, insisting that it was confusing in view of the previous instructions by the court, and that it was harmful to him. The motion also assigned as error, that the evidence did not sustain the allegations as to the ownership of the house or the ownership of the personal property; that it failed to show the larceny of a double-case silver watch, but showed only the taking of works and a case; that the solicitor-general was allowed to ask leading questions; and that certain witnesses, who were officers of the court, were not put under the rule requiring witnesses to be examined out of the hearing of each other. It was also contended that the court should have declared a mistrial, because of the argument of the solicitor-general to the effect that the defendant's plea was a mere technicality. Another ground was that the bailiff in charge of the jury had not been sworn. As to the last two grounds, it appears from a note of the court that the bailiff was

not in charge of the jury, that they were under the charge of the deputy sheriff, and the bailiff was never with them except in his presence; and that the argument of the solicitor-general was but in answer to that previously made by defendant's counsel. The defendant further alleged error, because the court charged that if the jury found that the defendant moved the property described in the indictment from the place where it was placed, with intent to steal the same, he would be guilty of simple larceny, even though it was moved only a short distance; because the court charged that if the defendant took the watch with a bona fide claim of ownership and without intent to steal, he would not be guilty, but that they were to consider all the circumstances of the case, the manner of taking, and all his conduct, to determine whether it was a bona fide claim; because the court refused to charge, as requested, "If the evidence establishes the fact that watch works only, or a single-case watch, was stolen, then you can not find the defendant guilty, because the indictment charges a double-case silver watch," and "If you believe that the defendant took the watch under a bona fide claim of right, believing that the same had been pawned to him by G. T. Sullivan, and that he had the right to hold it, then I charge you the defendant would not be guilty. I charge you that this might be true even though defendant might not have a title superior to Mr. Childers, trustee in bankruptcy of Sullivan;" and because the court, at the conclusion of the recharge, used the following language, "I dislike to leave this case with you for further consideration, gentlemen, but it must be decided by a jury." The motion was overruled, and the defendant excepted.

*H. B. Simmons,* and *Shipp & Sheppard,* for plaintiff in error.
*F. A. Hooper, solicitor-general,* contra.

LAMAR, J. (After stating the foregoing facts.) 1. The judge is not a mere umpire between contestants. He is the constitutional adviser of the jury as to the law of the case. To that end he may withdraw from them any instructions which have been improperly given, or, on his own motion and over the objection of either party, he may recall them from their room and give needful instructions on any matter which through oversight was not included in the regular charge. *Parker* v. *Ga. Pac. Co.,* 83 *Ga.*

539 (8*a*). In these cases it is more what he says, than when he says it. It was not error for the judge on his own motion to withdraw from their consideration the law as to an attempt, and to supplement what he had previously said by giving in charge to the jury the law on the subject of simple larceny.

2. The instructions were correct. It has been held that on a trial for larceny from the house the defendant may be convicted of simple larceny, where, as in this case, he was charged with wrongfully, fraudulently, and privately taking the property from the house and carrying it away with intent to steal the same. *Brown* v. *State,* 90 *Ga.* 455.

3. There was no error in overruling the demurrer. The watch was sufficiently described (*Powell* v. *State,* 88 *Ga.* 32; Williams *v.* State, 25 Ind. 150), and the larceny was properly alleged. The indictment followed the language of the Penal Code, §155.

4. It was charged that the defendant stole " one double-case silver watch." The evidence showed that the watch was being repaired, that the works had been taken from the case, and that the defendant removed both the works and the case. It is not necessary to enter into any metaphysical discussion as to how much of the whole had to be removed before what was left ceased to be a watch; for in the present instance the defendant took all. Under such evidence there was no variance between the allegata and probata. State *v.* Samson, 3 Brev. (S. C.) 6 (bot.); *Crawford* v. *State,* 94 *Ga.* 772 (2).

5. The jury having found the defendant guilty of simple larceny, the question of larceny from the house was out of the case. It therefore becomes unnecessary to consider several of the assignments complaining of the ruling of the judge on that subject.

6. The jury had been out for some time, though there was no statement that they were unlikely to agree. At the end of the supplemental charge, the judge stated that he disliked to leave the case with them for further consideration, but it " must be decided by a jury." The expression of regret was clearly susceptible of the construction that the court would have been glad to relieve them from further service, but, as the issue was a matter which could not be passed upon by a judge, he was obliged to leave it to a jury. There was no threat that he would detain them until they did agree, and nothing coercive in the language used. *White* v. *Fulton,* 68 *Ga.* 511 (3).

7. Hudson, one of the acting bailiffs, was not sworn in at the opening of the court. He was offered as a witness for the State during the trial of the case now under review. The jury was in charge of the deputy sheriff, and when they were taken to dinner he requested this bailiff to go with him in attendance upon the jury. It would have been far better to have selected some person who was not in any way connected with the case to act under these circumstances. The record, however, fails to suggest that the defendant or his counsel were ignorant of the fact that Hudson had not been sworn as a bailiff. It fails to allege that they did not know that he was called upon to assist the deputy sheriff, and it fails to allege that any objection was made to his serving. From a note of the judge it affirmatively appears that the bailiff was never with the jury except in the presence of the deputy sheriff. There is no hint that any communication took place between him and the jury, and the facts as stated do not demand the grant of a new trial.

8–10. The foregoing deals with the assignments of error which were mainly relied on in the argument here. It is not necessary to consider at length the other points made by the record and insisted upon in the brief. The failure to put officers of court under the rule, and permitting the State's counsel to ask a leading question, were matters within the discretion of the trial judge, and this court will not for that reason grant a new trial, unless it be made to appear that there has been an abuse of discretion. Nor was there error in refusing to grant a mistrial because of the argument of the solicitor-general. Whether it was sound or unsound, it was within the limits of debate, and not within the rule prohibiting the counsel from making statements of prejudicial matters which were not in evidence. Civil Code, § 4419. The charge as to the effect of the defendant's taking the watch under a bona fide claim was correct, and so far covered that point as to make it unnecessary to give the requested charge on the same subject. Nor did the fact that the court received the verdict in ignorance that one of the jurors had stopped in the closet furnish ground for declaring a mistrial or refusal to receive the verdict. Within a moment after the verdict was read the attention of the judge was called to the absence of one juror. He almost immediately took his seat, and the verdict was again read and prop-

erly received. The evidence as to the ownership of the personal property and the possession of the house sustained the allegations. The testimony warranted the verdict; and no cause having been shown why a new trial should be granted, the judgment is

<em>Affirmed. All the Justices concur.</em>