• 3323. BRIGHT *v.* THE STATE.

An indictment for simple larceny, charging that the defendant, on the 19th day of October, 1910, "in the county aforesaid, of the personal goods of W. T. Lockett then and there being found, to wit, 100 pounds of seed cotton, of the value of $10," did take, etc., is insufficient, as against a special demurrer calling for a more definite description of the property alleged to have been stolen.

DECIDED NOVEMBER 7, 1911.

Indictment for larceny; from city court of Albany—Judge Crosland. February 14, 1911.

*R. J. Bacon, Ben T. Burson,* for plaintiff in error.

RUSSELL, J. The only question raised by the bill of exceptions is the sufficiency of the indictment, under which the defendant was tried and convicted, as against the special demurrer filed thereto. The material portions of the indictment are as follows: "On the

2

19th day of October in the year of our Lord one thousand nine hundred and ten, in the county aforesaid, of the personal goods of W. T. Lockett then and there being found, to wit, 100 pounds of seed cotton, of the value of $10." The defendant demurred, on the ground that the property alleged to have been stolen was not described with sufficient definiteness and particularity.

We are of the opinion that the point is good. Where timely demand is made by special demurrer, the defendant is entitled to have such a definite and particular description of the property as will enable him to know the exact transaction in which the State claims he violated the law. In some way the particular property alleged to have been stolen must be described. It is not sufficient for the indictment merely to charge the defendant with having stolen a chair, a shovel, a table, a watermelon, or a pocket-knife. The marks, quality, or kind of the property must be incorporated in the description, or the transaction in some way individualized. Merely to charge the defendant with having stolen "seed cotton," without even saying whether it is long or short staple, or without in any way informing him of the locality from which it is claimed he stole the cotton, is too vague, general, and indefinite to withstand a timely special demurrer. *Roberts* v. *State,* 83 *Ga.* 369 (9 S. E. 675) ; *Melvin* v. *State,* 120 *Ga.* 490 (48 S. E. 198) ; *Ayers* v. *State,* 3 *Ga. App.* 305 (59 S. E. 924). *Judgment reversed.*