## 7176. BUTLER v. THE STATE.

1. When the crime charged is only a misdemeanor, any number of offenses of the same nature may be included in the same accusation. It is well settled as to misdemeanors that different counts charging offenses of the same nature may be joined in one indictment.

2. The general principle underlying the passage of the act which penalizes the carrying of a pistol without a license is practically identical with the purpose of the statute which prohibits the carrying of concealed weapons, and an accusation which in one count charges the carrying of a pistol concealed in violation of law, and contains an allegation in another count that the defendant had a pistol in his manual possession at a place which was neither his residence nor place of business, without having obtained the license required by law, is not subject to demurrer upon the ground of misjoinder.

3. If fuller instructions as to the defendant's right to have a pistol under the circumstances of the particular case had been desired, they should have been requested. The instruction complained of is not subject to the exception that the defendant's right to carry a pistol was thereby limited to the defense of his person, property, and habitation as against unlawful attack and invasion. On the contrary the instruction that the defendant would not be punishable for having the pistol, if he "procured it to prevent a breach of peace," in effect put his contention before the jury more favorably than he was entitled to have it presented.

4. The evidence authorized the verdict.

DECIDED MAY 30, 1916.

Accusation of misdemeanor; from city court of Americus— Judge Harper. November 16, 1915.

*L. J. Blalock,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

RUSSELL, C. J. 1, 2. The plaintiff in error insists that the rule, frequently applied to indictments for violations of the prohibition law, and in cases of illegal sexual intercourse, under which different offenses are joined in the same indictment, does not apply to an indictment charging the offense of carrying a concealed weapon and also charging that of carrying a pistol without having obtained a license from the ordinary. It is well settled by a long line of authorities, both in the Supreme Court and in this court, of which we cite only *Tooke* v. *State,* 4 *Ga. App.* 495 (61 S. E. 917), and *Williams* v. *State,* 72 *Ga.* 180, that if the crime with which the accused is charged is a misdemeanor, any number of offenses of the same nature may in separate counts be joined in the same indictment. The only real question therefore in this case is whether the offense of carrying a pistol concealed and that of carrying a pistol

without a license are of the same nature. It seems there can be no better way of determining the nature of anything than inquiry into the origin of that thing. Applying this test for determining the nature of the two offenses, it is apparent that the same reason influenced the General Assembly in the passage of the two acts, and that both statutes seek to accomplish the same purpose and to effectuate the same result. The act prohibiting the carrying of concealed weapons was an assertion of the police power of the State in defining the manner in which the citizen's constitutional right to bear arms should be exercised, and yet it was desired, nevertheless, to preserve the public peace and insure the safety of the citizen generally by diminishing as much as possible the practice of carrying that class of weapons which can easily be concealed. This may be said to be the great underlying principle of the act, and the statute in its nature is one to protect human lives and the public peace against dangers arising from a universal or even general use of pistols and similar weapons. It is very plain that the legislature, in passing the act of 1910 (Acts 1910, p. 134), prohibiting the carrying of pistols without license, had in view the same ultimate purpose as the prior enactment which is embodied in section 347 of Penal Code, to wit, that of regulating the right to carry such weapons so as to diminish as much as possible their general use. The license fees were provided not so much as a means of raising revenue as a means of preventing the general use of pistols, by making it more expensive to carry them; for no specific tax is imposed by the act of 1910 upon the ownership of a pistol. It is needless to recite many other indicia which clearly demonstrate that the two offenses with which the accused was charged were of the same nature; and therefore, since both are misdemeanors, they may be included in the same indictment or accusation.

3. The trial judge, among other things, charged the jury as follows: "I charge you that while the purpose of the act of 1910, to which the court has just called your attention, was to prevent the having or carrying of pistols or revolvers by any person (other than those excepted in the act) outside of his own home or place of business, yet a reasonable interpretation must be given to the statute, and it is not every instance of carrying a pistol or having such in one's manual possession, outside of his own home or place of business without a license, if nothing more appeared, the jury would be authorized to find that such act was wilful and inten-

tional, yet this inference could be overcome by proof that the carrying or having of the pistol in one's manual possession was under such circumstances as negatived the idea of wilful or intentional carrying or having manual possession of such pistol. For instance, one has the right to defend his person, property, and habitation, as against unlawful attacks or invasions, and if, in doing so, it should be necessary for him to procure and use a pistol, his procuring and use thereof, under such circumstances, could not be held in law violative of the statute which you are now considering; or, if he procured it to prevent a breach of the peace, he would not, under those circumstances, be guilty under the act." The defendant excepts to this instruction upon the ground that the court thereby limited his defense to the protection of his person, property, and habitation against unlawful attack and invasion, whereas the law justifies the use of arms in other instances. Movant further contends that the charge is subject to exception because he had the right to use the pistol for the purpose of preventing a felony being committed on persons other than himself, and that the court erred in failing to charge the jury more fully upon this subject. Whether considered by itself or in connection with its context, the instruction to which complaint is made, in our opinion, affords the defendant no ground for complaint. The headnote is so self-explanatory as to obviate the necessity for further discussion.

4. It was not error to overrule the motion for a new trial.

*Judgment affirmed.*