29625. ELLIS *v.* THE STATE.

DECIDED JULY 1, 1942. REHEARING DENIED JULY 24, 1942.

*Frank S. Twitty,* for plaintiff in error.
*Maston O'Neal, solicitor-general,* contra.

GARDNER, J. The defendant was indicted on fourteen counts for simple larceny, on different dates, and also in the same indictment was charged in fourteen counts with knowingly receiving the property alleged to have been stolen. He filed general and special demurrers to the indictment as a whole and to the counts particularly. The court overruled the demurrers. The State elected to submit to the jury counts 1, 2, 3, 5, 6, 7, and 8, charging simple larceny, and abandoned the other charges. The jury returned a verdict of guilty on counts 1, 2, 3, 5, and 7. The defendant filed a motion for new trial which was overruled. He assigns error on the judgments overruling the demurrers and his motion for new trial.

The body of count 1 reads: ". . charge and accuse L. V. Ellis with the offense of a misdemeanor, for that the said accused, in the county aforesaid, on the 30th day of April, 1941, with force and arms [did] unlawfully take and carry away of the personal property of J. B. Davis & Co. three barrels of turpentine gum aggregating approximately 1261 pounds in net weight, and of the value of $28.17, and being the same gum of the said description that L. V. Ellis sold to Nelio Resin Processing Corporation at Valdosta, Georgia, on, or about the same date, with intent to steal the same." The charges in the other counts on which the defendant was convicted are the same as that in count 1, except as to the value, the amount, and the date on which the property was alleged to have been stolen. So we will copy only one of the counts.

The general demurrers challenge the sufficiency of the description of the property, on the grounds that same is too vague and indefinite and fails to locate the alleged offense; they also contend that simple larceny and receiving stolen property are illegally joined in the same indictment; that the indictment does not allege the particular kind of tree from which the turpentine gum was extracted; and that there is no such article as turpentine gum.

■ That portion of the demurrer which attacks the indictment for joining the offenses of simple larceny and receiving stolen property in different counts has been ruled adversely to the defendant in *Freeman* v. *State*, 35 *Ga. App.* 223 (132 S. E. 782) where this court approved an indictment charging the theft of an automobile in the first count and a charge of receiving the same automobile as stolen property in the second count. In that case the court went further and ruled that even after the introduction of

evidence the State would not be required to elect. See the cases therein cited.

In the instant case, however, there is a further reason why there is no merit in this contention. The State abandoned the counts with reference to receiving stolen property. If it be conceded that the ruling on this ground of the demurrer was error, under the facts of this case the question became moot and the error was harmless. It was likewise held in *Butler* v. *State,* 18 *Ga. App.* 201 (89 S. E. 178) : "When the crime charged is only a misdemeanor, any number of offenses of the same nature may be included in the same accusation [indictment]. It is well settled as to misdemeanors that different counts charging offenses of the same nature may be joined in one indictment." See also in this connection *Tooke* v. *State,* 4 *Ga. App.* 495 (61 S. E. 917). The court did not err in overruling the demurrers which were based on this contention.

It is earnestly argued by able counsel for the defendant that the indictment did not sufficiently set forth with particularity the property alleged to have been stolen so as to enable the defendant to prepare his defense or to plead former jeopardy in the event he should be subsequently arraigned to answer to the same transaction. It is argued that since the case does not involve a compound felony the description was wholly inadequate to withstand a general demurrer. Let us analyze the indictment and see if this be true. The indictment charges that the defendant did, on a particular date, steal the property. It is not left for the defendant to conjecture that the crime was committed on any other date within the statute of limitations. On this particular date he is charged with the asportation in Mitchell County of stolen property of J. B. Davis & Co., consisting of three barrels of turpentine gum aggregating approximately 1261 pounds, net weight, of the value of $28.17. The indictment does not stop here, and the additional allegations, we think, are sufficient to relate kinship to a compound larceny such as were dealt with in *Patterson* v. *State,* 122 *Ga.* 587 (50 S. E. 489), and to break the kindred relationship with such cases as hold with *Bright* v. *State,* 10 *Ga. App.* 17 (72 S. E. 519), that the allegation that the defendant did take "100 pounds of seed cotton, of the value of $10," is insufficient. The description already alleged is more in detail than that in the *Patterson* case, supra, and

more specific than the description in the *Bright* case, supra. The indictment goes further and apprizes the defendant that the property "being the same gum of the said description that L. V. Ellis sold to Nelio Resin Processing Corporation at Valdosta, Georgia, on or about the same date." We think the allegations of the indictment as a whole are sufficient to reasonably enable the defendant to intelligently prepare his defense, and also to subsequently plead autrefois acquit or autrefois convict. We do not think it is necessary, even under a special demurrer, to further allege the material of which the barrels were made or the particular species of gum trees which produced the turpentine gum referred to in the indictment. The court did not err in overruling the demurrers to the indictment because of this challenge. See Code Ann. § 27-701, catchwords "Test of sufficiency," where a number of decisions of both this court and the Supreme Court will be found dealing with this question. See also 27 Am. Jur. 624, § 58.

■ In ground 1 of the amended motion defendant contends that the court, without a written request, should have charged the following: "The defendant can be convicted of stealing only the property described in the indictment and identified on the trial as belonging to J. B. Davis & Co., a corporation, alleged in the indictment to be the owner of said property, and unless you are convinced beyond a reasonable doubt that the defendant did steal the property as described in the indictment, and that J. B. Davis & Co., a corporation, was the owner of said property, you would be authorized to acquit the defendant." It is admitted that the court charged generally and abstractly the law applicable to the case, but it is contended that it did not go far enough and charge specifically as above set out. This question has been ruled adversely to the defendant. This court held, in *Faison* v. *State,* 13 *Ga. App.* 180 (79 S. E. 39): "While it is the duty of a judge in the trial of a criminal case to state the contentions of both the State and the defendant, still, in the absence of a request for more definite instructions, a statement by the court that the grand jury has returned an indictment against the defendant, charging him with the offense of murder, and that to this the defendant has filed a plea of not guilty, which makes the issue for them to try, sufficiently presents the issue." There are other decisions to the same effect but we deem it unnecessary to cite further authority.

■ Before argument and before the case was submitted to the jury the State elected to submit only certain counts of the indictment pertaining to simple larceny, and abandoned the counts alleging knowingly receiving stolen property. The court did not err, without a written request, in failing to charge the law with reference to receiving stolen property. Neither the evidence nor the defendant's statement would have sustained a verdict of knowingly receiving stolen property. The State's evidence tended to show that the defendant conspired with his brother-in-law to steal the property alleged in the indictment, and the contentions of the defendant were to the effect that he did not steal it, but believed in good faith that the gum he sold belonged to his brother-in-law. We find no merit in this contention.

■ In ground 3 error is assigned because the court charged as follows: "If you believe that the State has carried the burden in some of the counts and not in the others you would have a right to convict the defendant in the ones you believe the State has carried the burden in, whether in one or in part or in all." It is contended that the court should have charged: "On the other hand, if you believe that the defendant is not guilty on some of the counts or if the State has failed to carry the burden of proof as to some of the counts, or if you have a reasonable doubt as to the defendant's guilt, it would be your duty to acquit the defendant on that count or counts in said indictment." It is contended that the jury might have understood the court to mean that they were authorized to convict the defendant or acquit the defendant on "part of one count," and that the charge otherwise confused the jury. On this feature the court charged: "The burden is upon the State to prove the material allegations of the bill of indictment and, as I have charged, you are concerned only with counts 1, 2, 3, 5, 6, 7, and 8 of the indictment. . . If the State has carried the burden placed upon it by the law it is your duty to convict the defendant, and in that event the form of your verdict would be, 'We the jury find the defendant guilty' in whatever counts you think he is guilty of. Just by way of illustration, not intimating what you should do, but if you should convict him the form of your verdict would be, 'We the jury find the defendant guilty in count or counts,' whichever it is, giving the number or numbers. That is, if the State has carried the burden and you are convinced of the guilt of

the defendant, it would be your duty to convict the defendant and the form of your verdict would be, 'We the jury find the defendant guilty in count—' whatever they are. If you are not convinced of the defendant's guilt of any of the counts it would be your duty to acquit him, and in that event the form of your verdict would be 'We the jury find the defendant not guilty.' If you believe the State has carried the burden in some of the counts and not in the others you would have a right to convict the defendant in the ones you believe the State has carried the burden in, whether in one or in part or in all." Construing the charge as a whole there is no merit in this ground.

■ Ground 4 complains of the admission in evidence of a letter to one Bowen, instructing him to make a check out to L. H. Hall. The letter was signed "L. V. Ellis" (the defendant). The evidence shows that the witness W. F. Willets (brother-in-law of the defendant) signed the name, L. V. Ellis. Ground 8 of the indictment alleged that the property described therein "being the same gum that L. V. Ellis told W. F. Willets he would sell to W. J. Boynton at Tallahassee, Fla." Clearly this evidence was introduced for the purpose only of proving the allegation pertaining exclusively to this count. The jury did not find the defendant guilty on this count. We fail to see how the admission of this testimony prejudiced the defendant's rights as to other counts on which the jury found him guilty. This contention is without merit.

■ From the indictment it will be observed that the defendant was charged with stealing barrels of gum from J. B. Davis & Co. During the time he was confined in jail the deputy sheriff informed him that Mr. Davis desired to obtain the barrels, whereupon the defendant wrote the following note: "Dear Eunice: Mr. Davis will send for the gum barrels. Let them have them. Don't know how long I will be in the lock-up. Victor." The defendant objected to the admission of this order on the ground that it did not amount to a confession, but the jury might be so impressed, and that there was no evidence of a confession. It is true that the record does not reveal a confession, but under the record it was not error to admit this document as an incriminating admission to be construed along with all the other evidence in the case.

■ The defendant contends that the evidence was not sufficient to sustain the verdict of guilty. The evidence for the State tended

to show, and the jury was authorized to find, that the defendant and his brother-in-law, and probably another, entered into a conspiracy to steal the property referred to in the several counts of the indictment. The evidence sufficiently proved that Willets, the brother-in-law, was a wood's-rider on the turpentine farm of J. B. Davis & Co. The two men were intimate and visited each other frequently. Willets, a negro employee, and the defendant were all indicted, though not jointly, for the offense. Willets and the other employee entered pleas of guilty. Willets' testimony principally revealed that he and the defendant entered into a conspiracy to steal the property. The evidence further revealed that there was considerable open pressure put on Willets to tell the truth, assume full responsibility, and exonerate Ellis. This Willets steadfastly refused to do, contending that defendant was in the theft. The jury believed Willets. Since in misdemeanor cases all involved are principals, the evidence amply sustained the verdict.

After careful consideration we find no error which would justify a reversal of the case on the general grounds or otherwise.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

### ON MOTION FOR REHEARING.

In a motion for rehearing counsel earnestly contends that the court reconsider its holding in the second division of the opinion. In an academic discussion of the phrase "turpentine gum" it is (a) contended the words are meaningless and do not legally describe any kind of property, and (b) that such description is too general and vague.

As to the first contention see 11 Michie's Ga. Dig. 839, viz.: "'Words generally bear their usual and common signification, but technical words, or words of art, or used in a particular trade or business, will be construed, generally, to be used in reference to this particular meaning.' *Strickland* v. *Stiles,* 107 *Ga.* 308, 33 S. E. Rep. 85; *Rose* v. *State,* 107 *Ga.* 697, 33 S. E. Rep. 439; *Savannah Ocean Steamship Co.* v. *Way,* 90 *Ga.* 747, 17 S. E. Rep. 57; *Featherston* v. *Rounsaville,* 73 *Ga.* 617; *Bailey* v. *State,* 65 *Ga.* 410; *Williams* v. *State,* 61 *Ga.* 417; *Cook* v. *Walker,* 15 *Ga.* 463; *Bohler* v. *Schneider,* 49 *Ga.* 195; *Battle* v. *Shivers,* 39 *Ga.* 405; *Kelly* v. *Stephens,* 39 *Ga.* 466; *Chapman* v. *Woodruff,* 34 *Ga.* 91; *Hale* v. *Burton, Dud.,* 105; *Blocker* v. *Boswell,* 109 *Ga.* 230, 34 S. E. Rep. 289." The word "turpentine" in the coastal plain regions of this

State has such a usual and common significance that when used as a descriptive preface to another word or words it has not only a provincial but a general meaning. In this section of our country we know of "the turpentine farm," "the turpentine quarters," "the turpentine place," "the turpentine still," "the turpentine man," "the turpentine negro," "the turpentine hand," "the turpentine lease," "the turpentine timber," "the turpentine barrels," "the turpentine industry," "the turpentine tree" (which in that section is known as the pine tree), and finally, the "turpentine gum," which exudes from the pine tree on incision of the tree, and is caught in "a turpentine cup" or a "turpentine box," and which gum, after being distilled by a "turpentine stiller," is known as "turpentine spirits." In that locality we do not have the turpentine trees known to other countries, particularly Canada, Australia, and certain parts of Europe.

As to the second contention it will be noted from the allegations that the defendant stole turpentine gum, but the indictment does not stop with such general allegation but, as pointed out in the original opinion, the indictment goes further and alleges the number of barrels, the aggregate weight, and that said gum was sold to a particular person in a particular town, on or about a certain date. This description is quite different from that which was involved in *Bright* v. *State*, 10 *Ga. App.* 17 (supra) where the defendant was charged with stealing "100 pounds of seed cotton," and that in *Mathis* v. *State*, 27 *Ga. App.* 229 (107 S. E. 629), in which the defendant was charged with stealing "two and one-half gallons of syrup." We are of the opinion that if the cotton or the syrup had been further designated as that which had been sold to a particular person on an approximate or particular date it would have been sufficiently particularized. The allegation would thus have sufficiently described the article so as to make it similar to the required description in a compound larceny. One may be charged with the sale of an article to a particular person and such will not bar prosecution for a sale, within the statute of limitation, to a separate and distinct person. See *Reynolds* v. *State*, 114 *Ga.* 265 (40 S. E. 234); *Craig* v. *State*, 108 *Ga.* 776 (33 S. E. 653).

Therefore, on further consideration of the question presented as to the sufficiency of the description in the instant case, a rehearing is denied.