## 36420. SCHULMAN *v.* THE STATE.

DECIDED OCTOBER 17, 1956.

*A. J. Whitehurst, Peter W. Walton,* for plaintiff in error.

*J. B: Edwards, Solicitor-General, Robert S. Roddenberry, Jr.,* contra.

TOWNSEND, J. An indictment substantially in the language of the Code is sufficient in form and substance. Code § 27-701.

The offense with which the defendant is charged, that of harboring, receiving or concealing another knowing him to be guilty of a felony, is set out in the language of Code § 26-4601, and the description of the felony of which the person concealed is alleged to be guilty is set out in the language of Code § 26-1503 which provides as follows: "Where the arrest, confinement or detention of a person by warrant, mandate, or process is manifestly illegal, and shows malice and oppression, the officer issuing same shall be removed from office; and he, and every person knowingly and maliciously concerned therein, shall be punished by imprisonment and labor in the penitentiary for not less than one nor more than two years." This section specifically makes any "person concerned" with the illegal acts therein mentioned a violator of the law in the same degree. Accordingly, *Porter* v. *State*, 200 *Ga.* 246 (36 S. E. 2d 794) and similar cases holding that where persons involved in a criminal transaction are in the position of principals in the first and second degrees, an indictment of a principal in the second degree must allege the guilt of the principal in the first degree, has no application here. Nor is the indictment insufficient as stating merely conclusions in that it alleges no facts to show malice, oppression or illegality and fails to set out a copy of the criminal warrant procured by McCullar to be issued against Van Bush. Being in the language of the Code it is sufficient as a pleading; it goes without saying that upon the trial of the case facts to show the warrant existed, that it was manifestly illegal so as to render the arrest and detention of Van Bush an unlawful arrest and imprisonment, and that McCullar was guilty of malice and oppression in the premises must be shown; otherwise McCullar would not be guilty of the crime charged against him, for which reason the plaintiff in error would also not be guilty of any offense in harboring and concealing McCullar. See *Moore* v. *State*, 94 *Ga. App.* 210 (94 S. E. 2d 80).

The trial court did not err in overruling the demurrers to the indictment.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*