41616.   TUCKER v. THE STATE.

SUBMITTED NOVEMBER 2, 1965—DECIDED NOVEMBER 9, 1965.

*Ben R. Freeman, James E. Weldon,* for appellant.
*Wright Lipford, Solicitor General,* for appellee.

EBERHARDT, Judge.  Since the ground of the demurrer and the objection to the evidence which is the basis of the amended motion for new trial are the same these must stand or fall for the same reasons.

We cannot agree that the description of the hubcaps is too indefinite to support the charge.  It is true that charges of the taking of "one shovel of the value of one dollar," (*Melvin v. State,* 120 Ga. 490 (48 SE 198)), or "one black leather sample case, one black fiber sample case, one tan fiber sample case . . . eighty pounds of assorted candies . . . , one book

photographs of candy . . ." with values stated, have been held too indefinite. *Pharr v. State,* 44 Ga. App. 363 (161 SE 643). If the indictment here had simply charged the defendant with taking two automobile hubcaps it would have been subject to the criticism made for "[i]t is not sufficient for the indictment merely to charge the defendant with having stolen a chair, a shovel, a table, a watermelon, or a pocket-knife. The marks, quality, or kind of the property must be incorporated in the description, or the transaction in some way individualized." *Bright v. State,* 10 Ga. App. 17, 18 (72 SE 519). But we hardly see how it could have been made more definite when in addition it was charged that the hubcaps were from a 1965 Chevrolet car, from the particular model known as the Impala, of the Supersport type and made of chrome. Much of the great mass of property is without any particular identifying mark or number, e.g., corn, cotton, lumber, gasoline, chickens, etc. Consequently, a demurrer calling for identifying *marks or numbers* generally calls for an impossibility. But one who has asported that type of property is not to be immune from prosecution on that account. He is entitled to have identifying characteristics which are sufficient to inform him of the instance meant and to enable the jury to determine that the article taken was indeed that which the owner lost. *Ayers v. State,* 3 Ga. App. 305 (1) (59 SE 924). The identification here was sufficient. Compare *McNatt v. State,* 27 Ga. App. 642 (3) (109 SE 514).

An indictment for the larceny of "a lot of cord wood" was too indefinite because there was no statement of quantity, a "lot" simply meaning a great deal (*Walthour v. State,* 114 Ga. 75 (39 SE 872)), and one charging the taking of "two and one half gallons of syrup" was lacking since the defendant was entitled to know the kind of syrup he was charged with stealing. *Mathis v. State,* 27 Ga. App. 229 (107 SE 629). Here the defendant was apprized of the quantity and the particular type and kind of hubcaps taken and sufficiently to withstand the demurrer. His objection to admission of the hubcaps in evidence must fail for the additional reason that he had taken the deputy sheriff to their hiding place and admitted that he had removed them from the Phillips car.

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur.*