## 23694. McDONALD v. THE STATE.

QUILLIAN, Justice. Homer McDonald was indicted during the March 1966 term of Habersham Superior Court and charged with a misdemeanor, in that on June 28, 1965, he acquired a certain motor vehicle with described serial number and sold and disposed of it as wreckage and salvage and did "fail to mail and deliver" the certificate of title and manufacturer's serial plate from the motor vehicle to the State Revenue Commissioner as required by law. See Ga. L. 1961, pp. 68, 83, superseded by Ga. L. 1965, pp. 264, 265 (*Code Ann.* § 68-420a); Ga. L. 1961, pp. 68, 88, as amended, Ga. L. 1965, pp. 304, 314 (*Code Ann.* § 68-431a).

The defendant filed a special plea and demurrers to the indictment, which attacked the statute under which the indictment was brought as being unconstitutional for various reasons, as included in the following syllabus. The trial judge overruled the defendant's demurrers and sustained the State's demurrers to the special plea. From these judgments the defendant appeals. *Held:*

1. The indictment was couched in the language of the statute and hence was not subject to general demurrer. *Buchanan v. State,* 215 Ga. 791 (3) (113 SE2d 609); *Eubanks v. State,* 217

Ga. 588 (1) (124 SE2d 269); *Schulman v. State,* 94 Ga. App. 489 (95 SE2d 343). In this connection, the defendant argues that the statute requires that one wilfully fail to mail or deliver the certificate of title to the Revenue Commissioner, and the omission of the terminology "wilfully" in the indictment was fatal. It is an elementary rule of pleading that substance, not mere nomenclature, controls. *Girtman v. Girtman,* 191 Ga. 173, 180 (4) (11 SE2d 782); *Chance v. Planters &c. Co-op.,* 219 Ga. 1, 5 (131 SE2d 541). The indictment plainly and unambiguously charged that the defendant acted "unlawfully" in failing to mail or deliver the papers, which allegations we construe to be the substantial equivalent of charging that the defendant acted wilfully. Howenstine v. U. S., 263 F 1, 4; Harding v. State, 94 Ark. 65 (126 SW 90).

2. The defendant, by special plea and also a ground of demurrer, attempts to show that the statute is unconstitutional as being a burden on interstate commerce. However, neither the plea nor the ground of demurrer specifies any constitutional provision as the one the defendant contends is being violated. Hence, the rule is applicable: "A question of the constitutionality of a legislative act is not raised by a demurrer in which no particular clause or part of the Constitution is sufficiently stated or pointed out." *Dobbs v. Bullard,* 149 Ga. 553 (101 SE 122); *Almand v. Pate,* 143 Ga. 711 (2) (85 SE 909); *City of Macon v. Anderson,* 155 Ga. 607 (4) (117 SE 753).

3. By demurrer the defendant contends the statute is unconstitutional in that it violates the state and federal due process clauses.

(a) In one ground the defendant attacks the provision in the Act dealing with insurance settlements, but nothing in the indictment purports to place the alleged criminal transaction in that category. A demurrer may properly attack only those defects which appear on the face of the indictment. Where a demurrer seeks to add extrinsic matter, it must fail as a speaking demurrer. *Jackson v. State,* 64 Ga. 344; *Arthur v. State,* 146 Ga. 827 (92 SE 637).

(b) In another ground, the defendant complains that the Revenue Commissioner might arbitrarily refuse to re-issue certificates of title and manufacturers' serial plates. This portion of the statute is not relevant to the issues of this case and the attack made upon it is entirely speculative, hypothetical

and academic in nature. "Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack." *South Ga. Gas Co. v. Ga. Public Service Comm.*, 214 Ga. 174, 175 (1) (104 SE2d 97), and cases therein cited. *Civil Service Bd. v. MacNeill*, 201 Ga. 643, 648 (2) (40 SE2d 655).

There is no merit in these grounds of demurrer.

4. The defendant contends that requiring him to send the Revenue Commissioner the certificate of title and the manufacturer's serial plate constitutes an illegal seizure of private property without just compensation in violation of the Fourth Amendment to the United States Constitution. Since the indictment alleges that the defendant disposed of the "motor vehicle," the only purportedly valuable property here involved is the title certificate and the serial plate. Such quasi-public documents do not constitute property within the protection of the constitutional provision. See U. S. v. Kempe, 59 FSupp. 905, and Bowles v. Insel, 148 F2d 91.

The trial judge did not err in overruling the defendant's demurrers to the indictment nor in sustaining the State's demurrers to the special plea.

*Judgment affirmed. All the Justices concur.*

Submitted September 13, 1966—Decided October 6, 1966.

*Jack N. Gunter,* for appellant.

*Herbert B. Kimzey, Solicitor General,* for appellee.

*Arthur K. Bolton, Attorney General, William L. Harper, Assistant Attorney General, Joel M. Feldman,* for party at interest not party to record.