## 47377. PIPPIN v. THE STATE.

DEEN, Judge. 1. The indictment alleged that the defendant took "one set of twelve golf clubs; one signature adding machine, and various items of men's clothing, same being the property of C. H. Huckabee, of a value of $500." We agree with the defendant that the allegation "various items of men's clothing" is not a sufficient description of the clothing, and such an allegation should be stricken on a special demurrer

that zeroes in on this defect. These demurrers, however, attacked the description of all items generally, and certainly the adding machine, being described by its trade name and as the property of a named person, was sufficient. See *Tucker v. State,* 112 Ga. App. 622 (1) (145 SE2d 751); *Lindsey v. State,* 9 Ga. App. 299 (70 SE 1114). *Kyler v. State,* 94 Ga. App. 321 (3) (94 SE2d 429) relates to a theft of money, allegations as to which are subject to special rules. The allegation: "one set of 12 golf clubs" might well come within the inhibition of *Pharr v. State,* 44 Ga. App. 363 (161 SE 643), where it is pointed out that descriptions of this type are generally insufficient unless the transaction itself is further particularized and identified as a component of a compound larceny. This would have been very simple in the present case, since the proof shows that all of the items alleged to have been taken were located in an automobile belonging to the prosecutor and that the defendants were apprehended by the police while in the act of transferring them to another car. The allegation as to the aggregate value of the several items alleged to have been stolen was sufficient without placing a value on each individually. *Bone v. State,* 120 Ga. 866 (48 SE 356). Under the circumstances, no reversible error is shown in overruling the demurrers to the indictment.

2. The defendant's statement, corroborated by the testimony of two co-confederates who admitted participation in the larceny, was to the effect that they and another indictee drove to a Holiday Inn to allow the defendant to look up a man he was supposed to meet; that the defendant left the others in the car and went upstairs in the motel looking for this person; that while he was gone the others discovered that an automobile parked near them was unlocked and contained clothing and other property, and they thereupon set out to transfer it to their vehicle, and

that the police car arrived and intercepted them before the defendant returned to the scene. If this statement and testimony were true Pippin was absent from the scene at the time the intent was formed and carried out and, for lack of opportunity, could not have been guilty of this particular larceny. This contention being Pippin's sole defense and being supported by the sworn testimony of two witnesses it was error not to instruct the jury on the law of alibi. *Hogan v. State,* 221 Ga. 9 (3) (142 SE2d 778).

It has been suggested that the evidence in this case is sufficient to support a finding that a conspiracy existed between the defendant and others in the car to commit a larceny from the Huckabee automobile. There was evidence by state's witnesses that the defendant was present and involved in removing the personal property, which, if believed by the jury, made the defendant guilty of larceny without regard to any conspiracy theory. However, two sworn witnesses for the defense as well as the defendant in his unsworn statement testified that the defendant was not only absent during the commission of the crime, but had left the vicinity prior to the discovery of the unlocked automobile and the inception of the idea of looting it, in which case he could not have been a party to the crime under Code Ann. § 26-802. Nor is there any evidence that there was a general prior conspiracy to loot, since the only evidence is that the four men got together earlier in the evening and went to Ship A'Hoy and possibly other places for drinks, and then went to the Holiday Inn to take the defendant to see a fellow who was staying at the motel. Such conduct might be sufficient to raise certain suspicions after the fact, but it is not enough to establish, even prima facie, a prior conspiracy to commit theft. An instruction on alibi should have been included in the charge.

*Judgment reversed and remanded for a new trial. Bell, C.*

*J., Quillian, Evans and Clark, JJ., concur. Hall, P. J., Eberhardt, P. J., Pannell and Stolz, JJ., dissent.*
ARGUED SEPTEMBER 13, 1972 — DECIDED
MARCH 1, 1973.

*Edwin A. Carlisle,* for appellant.

*George A. Horkan, Jr., District Attorney,* for appellee.

EBERHARDT, Presiding Judge, dissenting in part. I concur specially as to Division 1 of the majority opinion, (a) dissent from Division 2, and (b) concur specially as to the judgment.

(a) I do not agree that the proof as to the items alleged to have been stolen was insufficient. See *Georgia Coast &c. R. Co. v. Herrington,* 14 Ga. App. 539 (2) (81 SE 814); *Morgan v. Bell,* 189 Ga. 432, 439 (5 SE2d 897); *Hutchinson v. State,* 8 Ga. App. 684 (1) (70 SE 63). Furthermore, there was no objection to the evidence on the ground that the requisite foundation had not been laid. The point is first made in appellant's brief on appeal. See *Mitchell v. State,* 225 Ga. 656 (4) (171 SE2d 140); *Pirkle v. Widener,* 119 Ga. App. 401 (2) (167 SE2d 407); *Hohlstein v. White,* 117 Ga. App. 207 (2) (160 SE2d 232).

Failure to make the proper objection in the trial court works a waiver of a laying of the requisite foundation for permitting the witness to give his opinion.

Where the evidence was admitted without objection, or without objection on the ground now urged, it is thereafter too late to object or to urge its inadmissibility. The burden is on the objecting party to state, at the time the evidence is offered, some specific reason why it should not be admitted. Failure to do so amounts to a waiver and prevents the court, on review, from inquiring as to the competency of the evidence. *Andrews v. State,* 118 Ga. 1 (1) (43 SE 852); *Brown v. State,* 226 Ga. 114, 115 (172 SE2d 666).

Hence, having waived the laying of the foundation for

the giving of his opinion by the witness, the evidence attained the status of being fully competent and admissible, and it had probative value just as it would have had the foundation been laid.

The jury was authorized to form its own opinion of value from the data furnished by the whole of the evidence, including the photographs showing the general nature and condition of the various items, taking into consideration the nature and character of the property, the cost when purchased, and they may, upon such data, exercise their "own knowledge and ideas." *Dixon v. Cassels Co.,* 34 Ga. App. 478 (3) (130 SE 75), and cits.

(b)  In Division 2 the majority reverses because of the failure of the court to charge, without request, on the matter of alibi, that being the only defense which the defendant relied upon. I do not disagree with that general principle. However, it is to be noted here that there was ample evidence upon which the jury might have concluded that a conspiracy existed among the four men who, having gotten together at the home of this defendant in the morning part of the day, rode around together during the day, purchased some $20 worth of whiskey and drank together, stopped together at several places, and finally went together to the Holiday Inn where Mr. Huckabee's adding machine, golf clubs and clothing were taken from his car. The police officers who came upon the scene testifed that they saw this defendant putting a part of the items into the car in which they were riding, thus actively taking part in the theft,—though he denied it in his unsworn statement and one of the four testified that at the time the items were removed from the Huckabee car and placed in theirs Pippin was inside the motel. That raised a jury issue as to whether this defendant had been physically present and taking part in the theft, but in any event the evidence authorized, though it did not demand, a finding that he was part of a conspiracy to commit an act of theft at the motel, and

if a conspiracy existed each of those who were parties to it became a party to all acts done pursuant thereto and was equally responsible for them. *Jackson v. State,* 225 Ga. 39, 44 (165 SE2d 711).

The existence of a conpsiracy may appear from "direct proof, or by inference, as a deduction from conduct, which discloses a common design on the part of the person charged to act together for the accomplishment of the unlawful purpose." *Lumpkin v. State,* 176 Ga. 446, 449 (168 SE 241). It is not essential that an allegation of conspiracy be in the indictment; it may appear from the proof made. *Bruster v. State,* 228 Ga. 651 (3) (187 SE2d 297).

The court charged on the matter of conspiracy, defining it and explaining that "when parties associate themselves together in an unlawful enterprise any act done in furtherance of the unlawful enterprise by any party to the conspiracy is in legal contemplation the act of all the parties." There is no exception to this charge.

Alibi is not a defense to a charge of conspiracy. "[A]ll of the conspirators who act together in consummating the object of the conspiracy are guilty though some be absent at the time and place of its commission." *Waldrop v. State,* 221 Ga. 319 (1a) (144 SE2d 372). Accord: *Gore v. State,* 162 Ga. 267 (1a) (134 SE 36). "The acts of [defendant] were done in pursuance and furtherance of the conspiracy, and were in contemplation of the law, the acts of both, notwithstanding the fact that the defendant may not have been actually present." *Rawlins v. State,* 70 Ga. App. 308, 312 (28 SE2d 350). "One may be convicted . . . even though in another county (*Rawlins v. State,* 70 Ga. App. 308 [supra]), or even in another state, when a conspiracy is shown to exist and during the pendency thereof an overt act is perpetrated by one of the co-conspirators pursuant to the conspiracy." *Curtis v. State,* 102 Ga. App. 790, 793 (118 SE2d 264).

If there had been an allegation of conspiracy in the

indictment the verdict of guilty would have confirmed that there was no error in failing to charge on the matter of alibi. Indeed, in that posture the evidence as to absence from the scene at the time the theft was committed would have been immaterial.

But since there was no allegation of conspiracy in the indictment, it is conceivable that the jury may have considered the matter of whether the defendant was guilty of the charge independently of or aside from any conspiracy, and considered in that posture the defense of alibi was relevant and a charge on it would have been proper. However, it would have been proper, too, that the court instruct the jury in that connection that if they should find a conspiracy to have existed among the four men, the defendant's absence at the time and place when the theft took place would not prevent a finding of guilt against him, and that his defense of alibi should be disregarded.

I am authorized to state that Presiding Judge Hall, and Judges Pannell and Stolz concur in this dissent.