60651. JONES v. THE STATE.

BIRDSONG, Judge.

Appellant Edward Jones was jointly convicted with Nathaniel Parker (see *Parker v. State,* 156 Ga. App. 59, post (1980)) on three counts of robbery by intimidation.

Three Fort Stewart soldiers went to a Bob Dylan concert at the Savannah Civic Center on a Friday night. Their car had broken down before the concert, and as they walked down the street away from the concert hall, they were considering how to get back to Fort Stewart and had just hailed a car full of girls when a red Ford automobile

stopped and its two male occupants offered them a ride. Only one of the soldiers testified at trial. He described in detail the journey he and his friends made with the car's driver and the appellant, who was the passenger, which ended when the car was stopped in a certain field or housing park. The passenger pulled out what looked like a sawed-off shotgun, stuck it in the victims' faces, and ordered them out of the car. The driver took the shotgun while the victims' wallets were taken as they lay face down beside the car; then they were told to run for the woods. One victim remained behind to retrieve his car keys, whereupon the passenger, appellant, told the driver to "just blow him away, let's get out of here." The soldier then turned and ran after his friends. The two robbers sped off in the car; the victims walked some distance to an I-16 ramp where they flagged down a police car. In great distress, they gave the officer a full description of the car and its two occupants. The car described was a late-sixties model red Ford Galaxie or LTD, with a black vinyl top, with oversized Firestone tires bearing white lettering, and with a broken passenger window held together with sticks and tape. The driver was wearing sunglasses and a flop hat with brass-colored tassle, and the passenger wore a baseball-type cap. The robbers were described particularly as to age range, race, height, weight, complexion and build. Approximately two hours later, the appellant and his co-defendant were arrested at a local night spot. They and their car matched every particular of the description given. Later, the victims picked these suspects' mugshots from a photo lineup and identified the suspects' car as the same vehicle they had ridden in. While executing the arrest warrants in a crowded courtroom, the soldiers had a chance encounter with appellant and his co-defendant, and spontaneously pointed them out as the robbers. At trial, the soldier who testified stated that he had had 45 minutes in which to observe the robbers during their traumatic ride, and could pick them again from a thousand others. Appellant and his co-defendant were positively identified as the robbers. Jones appeals, enumerating three errors below. *Held:*

1. Jones contends the trial court erred by allowing into evidence mugshots which tended to bring his character into evidence. Our appellate courts have held many times that mugshot evidence of itself does not prejudice the defendant or place his character in issue (see *Creamer v. State,* 229 Ga. 704 (194 SE2d 73); *Tanner v. State,* 228 Ga. 829 (188 SE2d 512); *Megar v. State,* 144 Ga. App. 564 (241 SE2d 447); *Thomas v. State,* 128 Ga. App. 538, 542 (197 SE2d 452)). Moreover, while the transcript does not reveal that appellant's counsel objected to the introduction of the mugshots (*Williams v. State,* 238 Ga. 244 (232 SE2d 238); *Sides v. State,* 213 Ga. 482, 487 (99 SE2d 884); *Wiggins v. State,* 139 Ga. App. 98 (227 SE2d 895)), it does

reveal that any implication that the appellant and his co-defendant were convicts because they had had mugshots made, came from Parker's counsel who strongly suggested it in cross examination. This enumeration is without merit.

2. Neither the appellant nor the state placed appellant's character in issue. Therefore, not only was there no error in refusing to charge that his character was presumed to be good unless shown to be otherwise, *Mixon v. State,* 123 Ga. 581, 584 (51 SE 580); but such a charge would not "comport with the fair administration of evidence" since it would give the appellant benefit of evidence which had never been introduced, and if it had been introduced, might have been disputed. *Bryant v. State,* 65 Ga. App. 523, 531 (16 SE2d 241).

3. The trial court did not err in denying appellant's motion for directed verdict as to two counts of the indictment. Appellant contends that since two of the victims did not testify, appellant should be acquitted for lack of prosecution and denial of the right of confrontation, and further that the only evidence involving the victims not present was brought in by inference of the victim who did testify. This enumeration is totally without merit. The victim who did testify gave evidence of what he saw concerning the robbery of the other two, and this eyewitness evidence is sufficient to sustain the conviction. *Brown v. State,* 147 Ga. App. 638 (249 SE2d 689). We must observe that if the law were otherwise and the defendant were entitled to an acquittal if not confronted with his victim, we should be hard put to prosecute for murder in such a case, and such a ruling would actually tend to encourage the murder of armed robbery victims.

The evidence in this case is sufficient such that any rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 10, 1980 — DECIDED OCTOBER 9, 1980.

*Charles R. Ashman,* for appellant.
*Andrew J. Ryan, III, District Attorney,* for appellee.