## 61672. THE STATE v. TRAYLOR.

CARLEY, Judge.

Appellee was accused of theft by taking in an indictment alleging that he "did unlawfully appropriate and take the following property, to wit: six - 125 pound bag[s] of peanuts, of a value exceeding $200.00 and the property of J. M. Henson Company, 673 Wells Street, with the intention of depriving said owner of said property . . ." Appellee's motion to quash this indictment was granted

on the ground that it "is insufficient as to the description of the items taken." The state appeals.

"In an indictment for larceny the description of the stolen property should be simply such as, in connection with the other allegations, will affirmatively show the accused to be guilty, will reasonably inform him of the transaction charged, and will put him in a position to make the needful preparations for his defense. [Cits.]" *Carson v. State,* 22 Ga. App. 551 (1) (96 SE 500) (1918). "Where timely demand is made by special demurrer, the defendant is entitled to have such a definite and particular description of the property as will enable him to know the exact transaction in which the State claims he violated the law. In some way the particular property alleged to have been stolen must be described. It is not sufficient for the indictment merely to charge the defendant with having stolen a chair, a shovel, a table, a watermelon, or a pocket-knife. The marks, quality, or kind of the property must be incorporated in the description, or the transaction in some way individualized." *Bright v. State,* 10 Ga. App. 17, 18 (72 SE 519) (1911). However, "[m]uch of the great mass of property is without any particular identifying mark or number, e.g., corn, cotton, lumber, gasoline, chickens, etc. Consequently, a demurrer calling for identifying *marks or numbers* generally calls for an impossibility. But one who has asported that type of property is not to be immune from prosecution on that account. He is entitled to have identifying characteristics which are sufficient to inform him of the instance meant and to enable the jury to determine that the article taken was indeed that which the owner lost. [Cit.]" *Tucker v. State,* 112 Ga. App. 622, 624 (145 SE2d 751) (1965).

The indictment in the instant case specified that the nuts allegedly stolen were *peanuts* and were segregated into six separate bags each of which contained 125 pounds. Compare *Bright v. State,* supra; *Pharr v. State,* 44 Ga. App. 363 (161 SE 643) (1931); *Tucker v. State,* supra. Thus, the indictment charged appellee with taking peanuts belonging to J. M. Henson Company which were contained in a specified number of containers each containing a specified number of pounds of the peanuts. We fail to see how an indictment for theft of "peanuts," themselves readily identifiable from other nuts, the property of J. M. Henson Company of a stated address and further described in terms of a designated number of packages particularized by size or weight, would be insufficient to apprise appellee of the exact transaction in which it is claimed he violated the law. See *Strickland v. State,* 34 Ga. App. 599 (130 SE 830) (1925) holding that an indictment charging theft of "three black turkey hens and one black turkey gobbler and one brown turkey gobbler" is

sufficient against a demurrer based on the grounds that the description of the turkeys was insufficient in that their sizes, weight, ages or whether they were wild or tame was not alleged. "We think the allegations of the indictment as a whole are sufficient to reasonably enable the defendant to intelligently prepare his defense . . . We do not think it is necessary, even under a special demurrer, to further allege the material of which the [bags] were made or the particular species of [peanuts] referred to in the indictment." *Ellis v. State,* 67 Ga. App. 821, 824 (21 SE2d 316) (1942). "[A] description of the property as '[six - 125 pound bag[s] of peanuts]' belonging to a named [party of a stated address], is sufficiently definite to withstand a special demurrer which does not itself specify in what respect the description should be more minute." *Gibson v. State,* 13 Ga. App. 67, 68 (78 SE 829) (1913). Therefore, we conclude that the property allegedly stolen by defendant was adequately described in the indictment in this case and that, therefore, the trial court erred in granting appellee's motion to quash.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 10, 1981.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Charles R. Hadaway, Assistant District Attorneys,* for appellant.

*Alden W. Snead,* for appellee.