## 62081. CHESSER v. THE STATE.

BANKE, Judge.

Appellant was convicted of two counts of theft by taking. Among others, he enumerates as error the denial of his motion to quash and dismiss the indictment, contending that the dates of the alleged offenses are unnecessarily vague, and that the description of the property is insufficient. In Count 1, the indictment alleges the theft of one Rheem 125,000-BTU heating furnace, one 4-ton type cooling coil, and a Rheem hot water heater, "on a day uncertain in January or February 1979, and a day other than that alleged in Count 2 . . ." In Count 2, the indictment alleges the theft of a Rheem 5-ton air-conditioner as well as a 4-ton air-conditioner "on a day uncertain in January or February 1979, and a day other than that alleged in Count 1 . . ." *Held:*

1. "The indictment should contain sufficient details to enable the defendant to prepare his defense or to submit to the court the question of whether he should be required to answer the charge and to describe the offense so plainly that the nature of the offense charged may be easily understood by the jury." *McKisic v. State,* 238 Ga. 644, 645 (234 SE2d 908) (1977). The indictment must also describe the property sufficiently to "protect him from double jeopardy." *Ross v. State,* 120 Ga. App. 520, 521 (171 SE2d 360) (1969). We find the indictment sufficient. The thefts were discovered, and the indictment obtained, about 18 months after they occurred. The appellant was convicted largely on the testimony of partners in crime who admitted many other thefts of like equipment from the same company over a lengthy period of time. That the precise day for each theft was unavailable is no cause to dismiss the indictment.

The appellant attacks the description of the property primarily for failure to include serial numbers. The property was described by its make, size, and owner. This is sufficient. See *Pippin v. State,* 128

Ga. App. 355 (1) (196 SE2d 664) (1973). This enumeration of error is without merit.

2. In his final enumerations of error, the appellant recites numerous instances in the lengthy trial which, he contends, demonstrate that he was denied the effective assistance of counsel. The standard for effective assistance of counsel announced by the Georgia Supreme Court is not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). Upon our review of the record, we find based on that standard that the appellant was not denied the effective assistance of counsel.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 19, 1981 —
REHEARING DENIED JULY 13, 1981 ▮

*Joseph F. Page, Walter M. Henritze, Jr.,* for appellant.
*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.