65633. WAGES et al. v. THE STATE.

QUILLIAN, Presiding Judge.

Defendants Janice and Charles Wages, husband and wife, were jointly indicted and tried for theft by taking. The state's case, in brief, was that Janice Wages, the secretary for the district attorney of Clayton County, in the performance of her duties typed from a draft a summarization of the state's evidence and outline for presentation thereof in a criminal case. These were called trial sheets and were to be utilized in a trial by the district attorney. She and her husband then offered to sell the trial sheets to the defendant in the criminal case. They appeal their convictions for theft by taking. *Held:*

1. The trial court did not err in denying defendants' motion for recusal as no affidavit of personal bias or prejudice was presented as required by *State v. Fleming,* 245 Ga. 700 (1) (267 SE2d 207).

2. Error is enumerated because the trial court denied defendants' general demurrer to the indictment.

The indictment charged Janice Wages as principal, and Charles Wages as a party, with the offense of theft by taking in that they in Clayton County on or about August 10, 1981, by "being in the lawful possession of certain property of the District Attorney of Clayton County, to wit: trial sheets to be used by the District Attorney in Clayton County Superior Court Criminal Case Number 10-17339, did unlawfully appropriate said property with the intention of depriving said Clayton County District Attorney's Office of said property, in breach of her duties as an employee of said government office, in violation of Georgia Code Annotated 26-1802 (a) and Georgia Code Annotated 26-1812 (b). . ."

Citing *Moore v. State,* 54 Ga. App. 218 (1), 220 (187 SE 595), which states that " 'the indictment should leave nothing to inference or implication; but . . . its statement should be so plain that a common man may without doubt or difficulty, from the language used, know what is the charge made against the accused,' " defendants argue that their indictment does not meet this standard because the conjunctive allegations of being in lawful possession of property and appropriating it in violation of Code Ann. § 26-1802 (Ga. L. 1968, pp. 1249, 1290; as amended through 1978, pp. 2257, 2258), and in breach of her duties as a government employee in violation of § 26-1812 (b) (Ga. L. 1968, pp. 1249, 1295; as amended through 1981, p. 1576), leads to confusion in determining what the charges are. We do not agree.

Code Ann. § 26-1802 states: "A person commits theft by taking when he unlawfully takes, or being in lawful possession thereof, unlawfully appropriates any property of another with intention of depriving him of said property, regardless of the manner in which the property is taken or appropriated."

Code Ann § 26-1812 states in pertinent part: "A person convicted of violation of sections 26-1802 . . . shall be punished for a misdemeanor except: (a) If the property . . . exceeded $500 in value . . .; (b) If the property was taken . . . by an officer or employee of a government . . . in breach of his duties as such officer or employee, by imprisonment for not less than one nor more than 15 years. . . ."

"An indictment substantially in the language of the Code is sufficient in form and substance." *Schulman v. State,* 94 Ga. App. 489 (95 SE2d 343).

"[T]he true test of the sufficiency of the indictment is not 'whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be

prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' [Cit.]" *State v. Black,* 149 Ga. App. 389 (2), 390 (254 SE2d 506).

In the instant case the indictment is substantially in the language of the pertinent Code sections, is not confusing as it sets forth the elements of the offense of theft and the provisions applicable to government employees who breach their duties by committing theft, and otherwise meets the standards of the foregoing cases.

3. As indicated in the foregoing division the indictment was laid under Code Ann. § 26-1812 (b) which has a greater punishment for government officers and employees who breach their duties by committing theft by taking. Defendants assert as error the denial of their special demurrer brought on the ground that if the state treats them as government officers or employees, that the state also must accord them the procedures of Code Ann. § 89-9908 (Ga. L. 1967, pp. 858, 859; 1975, pp. 1325, 1326); that is, the service on them of an indictment before it goes to the grand jury, the right to be present with counsel during the presentation of evidence to the grand jury and the right to make sworn statements to the grand jury.

Janice Wages was alleged to be a government employee, not an elected or appointed public officer, and Code Ann. § 89-9908 does not appear to apply to government employees per se, but to probate judges, county commissions, and justices of the peace who are charged with malpractice in office. Nor do we find any case that extends this statute to government employees generally. To the contrary, in *Jones v. Mills,* 216 Ga. 616 (1) (118 SE2d 484), it was held that the procedures of Code Ann. § 89-9908, as incorporated into another statute, did not apply to a government employee who did not hold a state office by election or appointment.

Accordingly, there is no merit in this enumeration.

4. Defendants also assert as error the denial of their special demurrer directed toward the description of the property alleged to have been taken, arguing that "trial sheets" is insufficient.

" 'In an indictment for larceny the description of the stolen property should be simply such as, in connection with the other allegations, will affirmatively show the accused to be guilty, will reasonably inform him of the transaction charged, and will put him in a position to make the needful preparations for his defense. (Cits.)' [Cit.] 'Where timely demand is made by special demurrer, the defendant is entitled to have such a definite and particular description of the property as will enable him to know the exact

transaction in which the State claims he violated the law. In some way the particular property alleged to have been stolen must be described. It is not sufficient for the indictment merely to charge the defendant with having stolen a chair, a shovel, a table, a watermelon, or a pocketknife. The marks, quality, or kind of the property must be incorporated in the description, or the transaction in some way individualized.' [Cit.]" *State v. Traylor,* 158 Ga. App. 786, 787 (282 SE2d 376).

We find that "trial sheets to be used by the District Attorney in Clayton County Superior Court Criminal Case Number 10-17339" is a sufficiently detailed description to meet the standards quoted above. The trial court did not err in denying the demurrer.

5. The remaining allegations of error are without merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 4, 1983 —
REHEARING DENIED MARCH 2, 1983 — ■

*Jerry L. Patrick, Jr., R. Greg McCoy,* for appellants.
*Robert E. Wilson, District Attorney, Stephen Roberts, J. Michael McDaniel, Assistant District Attorneys,* for appellee.