### 67681. BAILEY v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of ten counts of theft by taking. *Held:*

1. The trial court did not commit reversible error in permitting witnesses to testify, whose names were not on the list of witnesses supplied to the defense, where the names had been given to the defense 7 to 10 days prior to trial.

Non-compliance with OCGA § 17-7-110 (Code Ann. § 27-1403) does not entitle defendant to relief as he made no motion for a mistrial or a continuance. "His available remedies are for a continuance or a mistrial. [Cit.] Defendant made no motion for continuance or for mistrial . . . [U]nder these circumstances he waived any error as to his right to obtain a list of the state's witnesses." *Hunnicutt v. State,* 135 Ga. App. 774 (1), 775 (219 SE2d 22). Compare, *Haynes v. State,* 245 Ga. 817 (268 SE2d 325).

Moreover, "[a]ssuming arguendo that there may have been a technical violation of [OCGA § 17-7-110 (Code Ann. § 27-1403)], appellant has shown no resultant and inevitable prejudice because of the brevity of time between notification and the calling of the witness. It is an old and sound rule that error to be reversible must be harmful. [Cit.]" *Rutledge v. State,* 152 Ga. App. 755 (1), 756 (264 SE2d 244).

2. Defendant asserts that denial of his motion for directed verdict of acquittal was error because there was a fatal variance between the allegations and the proof.

Each count of the indictment alleged that defendant was in lawful possession of timber, the property of stated owners, and unlawfully appropriated the timber from the owners with the intent of depriving the owners thereof. The evidence showed that defendant was an employee of his father whose business was cutting and hauling timber. While so employed, defendant cut and hauled timber from the alleged owner's lands, caused the alleged timber to be sold and the proceeds delivered to himself, which proceeds he retained for his own use and benefit.

Defendant argues that a fatal variance exists because he was not in lawful possession of the timber; that he was only an

employee-custodian of the timber, and that his father-employer, who had the right to cut and haul the timber, had lawful possession of the timber.

Defendant's possession of the timber was lawful, even as a custodian, as his possession was clearly not unlawful. The language of the theft by taking statute, OCGA § 16-8-2 (Code Ann. § 26-1802), permits no other alternative. "A proper construction of the indictment is to the effect that the defendant by virtue of his employment came into possession and control of the property alleged in the indictment and converted the same to his use . . ." *Simmons v. State,* 79 Ga. App. 390, 394 (53 SE2d 772).

" ' "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance." ' [Cits.] . . . 'As we understand the rule, no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance.' [Cits.]" *Walker v. State,* 146 Ga. App. 237, 241-242 (246 SE2d 206).

The instant case meets the above rule and there was no variance.

Moreover, "[a]s we find the evidence sufficient to authorize a rational jury to find defendant( ) guilty beyond a reasonable doubt, 'it could hardly be found to demand a verdict of acquittal.' [Cit.]" *Ramsey v. State,* 165 Ga. App. 854 (6), 859 (303 SE2d 32).

3. Denial of defendant's special demurrer to the indictment was not reversible error.

The indictment alleged 10 counts of unlawfully appropriating "merchantable pine timber." Defendant argues that the expression "merchantable pine timber" is a general term which does not adequately identify or describe pine timber as to kind, quality, description or source. There is no showing of how the lack of a more specific description harmed defendant.

"Much of the great mass of property is without any particular identifying mark or number, e.g., corn, cotton, lumber, gasoline, chickens, etc. Consequently a demurrer calling for identifying *marks or numbers* generally calls for an impossibility. But one who has asported that type of property is not to be immune from prosecution on that account. He is entitled to have identifying characteristics which are sufficient to inform him of the instance meant and to enable the jury to determine that the article taken was indeed that which the owner lost. [Cit.]" *Tucker v. State,* 112 Ga. App. 622, 624 (145 SE2d 751).

"Defendant demurred specially to the indictment on the ground that the same was too vague, uncertain and indefinite to inform the

defendant exactly what he was charged with having taken, in that such equipment was not identified by serial number, or otherwise. The trial court did not err in overruling this ground of demurrer. It is not essential to a charge such as was involved in this case that the indictment do more than inform the accused generally of the items which it is contended were taken. The accused does not contend in this case that he was unable to defend against the indictment because of the failure of the indictment to more specifically identify the property taken. A more detailed description might be relevant in a case where an issue arises as to which of several different items resembling those generally described in the indictment and found in the possession of the accused were the items intended to be covered by the indictment, but where, as here, no such contention was made, and the state's case did not rest or turn upon the identity of specific property, it was, at most, harmless error to overrule the special demurrer. [Cit.]" *Stull v. State,* 230 Ga. 99 (2), 101-102 (196 SE2d 7).

The circumstances in the instant case are similar and the error, if any, in denying the demurrer was harmless. Compare, *State v. Traylor,* 158 Ga. App. 786 (282 SE2d 376).

*Judgment affirmed. Birdsong, J., concurs. Carley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED FEBRUARY 13, 1984.

*Michael B. Perry, Gerald E. Wilkerson,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr., Assistant District Attorney,* for appellee.