## 72095. MARTIN v. THE STATE.
(347 SE2d 247)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of the theft by taking of four motor vehicles. He appeals from the judgment of conviction and sentence entered on the verdict.

1. Appellant enumerates the general grounds. Viewing the evidence in the light most favorable to the verdict shows the following: The jury was authorized to believe the testimony of appellant's co-defendant that it was he, appellant, and another who planned and executed a theft of four tractor trailers from the truck leasing company where the co-defendant was employed. He also testified that they drove the stolen trucks to a field belonging to appellant from which location appellant disposed of them. According to the co-defendant, appellant paid him $3,000 for his part in the theft.

"Slight evidence from an extraneous source identifying the accused as a participant in the criminal act will be sufficient corroboration of the accomplice to support a verdict. [Cits.]" *Sparks v. State*, 176 Ga. App. 8, 11-12 (335 SE2d 298) (1985). The testimony of appellant's co-defendant was sufficiently corroborated by incriminatory statements made by appellant to a GBI agent, as well as by incrimi-

natory statements made by appellant to his co-defendant, who tape recorded them. This court considers only the sufficiency of the evidence, not its weight. *Thompson v. State,* 166 Ga. App. 850 (305 SE2d 662) (1983). The evidence was sufficient to authorize a rational trior of fact to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in denying his motion to dismiss the indictment. The indictment charged appellant with the theft of "four International Harvester Model 9670 tractor trucks, all motor vehicles and the property of Rollins Leasing Corporation d/b/a Rollins Truck Leasing. . . ." According to appellant, the lack of specification as to the year and the license and serial numbers renders the description of the four trucks insufficient.

" 'In an indictment for larceny the description of the stolen property should be simply such as, in connection with the other allegations, will affirmatively show the accused to be guilty, will reasonably inform him of the transaction charged, and will put him in a position to make the needful preparations for his defense. [Cits.]' [Cit.]" *State v. Traylor,* 158 Ga. App. 786, 787 (282 SE2d 376) (1981). "It is not essential to a charge such as was involved in this case that the indictment do more than inform the accused generally of the items which it is contended were taken. The accused does not contend in this case that he was unable to defend against the indictment because of the failure of the indictment to more specifically identify the property taken. A more detailed description might be relevant in a case where an issue arises as to which of several different items resembling those generally described in the indictment and found in the possession of the accused were the items intended to be covered by the indictment, but where, as here, no such contention was made, and the State's case did not rest or turn upon the identity of specific property, it was, at most, harmless error to overrule the [motion to dismiss the indictment]. [Cit.]" *Stull v. State,* 230 Ga. 99, 101-102 (2) (196 SE2d 7) (1973). See also *Wages v. State,* 165 Ga. App. 587, 588 (2) (302 SE2d 112) (1983); *Bailey v. State,* 169 Ga. App. 802, 803 (3) (315 SE2d 297) (1984); *Tucker v. State,* 112 Ga. App. 622 (145 SE2d 751) (1965). The instant indictment specified the make and model of the four trucks allegedly stolen, as well as the date of the theft and the owner of the trucks. It was sufficient to give appellant the required notice. It was not reversible to fail to require a more specific description of the property.

3. Appellant enumerates as error the trial court's denial of his motion to suppress tape recorded evidence. The evidence was obtained when, at the instigation of the GBI, the co-defendant tape recorded a conversation between himself and appellant. Citing OCGA § 16-11-66, appellant asserts that, because the conversation itself did

not constitute the commission of a crime and was not directly in furtherance of a crime, the recording should have been suppressed.

The statutory proscriptions of OCGA § 16-11-66 apply only to third parties who are not participants in the recorded conversation. *Mitchell v. State*, 239 Ga. 3 (235 SE2d 509) (1977); *State v. Birge*, 240 Ga. 501 (241 SE2d 213) (1978) cert. denied, 436 U. S. 945. The instant conversation was voluntarily recorded by appellant's co-defendant, who was a participant therein. The trial court did not err in denying appellant's motion to suppress the tape recording and in admitting it into evidence.

4. Appellant further asserts that the trial court erred in allowing the jury to read transcripts of the recorded conversation. A proper foundation having been laid, the transcripts were not erroneously furnished to the jury. *Brooks v. State*, 141 Ga. App. 725, 736 (9) (234 SE2d 541) (1977); *Duren v. State*, 177 Ga. App. 421, 422 (2) (339 SE2d 394) (1986).

5. The jury was permitted to listen to a tape recording of a telephone call made by appellant to a GBI agent. Appellant contends that this was error.

Appellant first urges that there was a violation of OCGA § 17-7-210 (a), insofar as the State failed to provide him, within ten days of trial, a written summary of the statements that he made in the recorded conversation. Pursuant to OCGA § 17-7-210 (a), appellant was entitled to receive only summaries of those statements that he made while in police custody. Appellant was not in custody but was free on bond when he made the telephone call to the GBI agent. See generally *McCoy v. State*, 174 Ga. App. 621, 623 (4) (330 SE2d 746) (1985).

Appellant also asserts that the admission of the recording was error because a proper foundation was not laid for its introduction. It does appear that the foundation was incomplete. The State made no showing that the mechanical transcription device was capable of taking testimony or that the operator of the device was competent to operate it. See *Brooks v. State*, supra at 734. However, it also appears that the recorded conversation was not inculpatory. Appellant's defense was that he had first become aware of the stolen trucks when his co-defendant bragged to him that he had stolen four trucks and had parked them in an isolated field belonging to appellant. Appellant asserted that he verified that the trucks were on his property and ordered his co-defendant to remove them. The taped conversation with the GBI agent was to the effect that appellant did not know if he could now learn who had the trucks or where they were, but that if he could locate them he would bring them to the GBI or notify the GBI of their location. These statements were not inculpatory, but were entirely consistent with appellant's defense. Therefore, the admission of the taped conversation without a proper foundation was harmless er-

ror at most. *Johnson v. State*, 146 Ga. App. 835 (247 SE2d 513) (1978).

6. The trial court did not err in refusing to give two of appellant's requested charges. Neither charge was supported by the evidence. *Jones v. State*, 156 Ga. App. 56, 58 (2) (274 SE2d 99) (1980).

7. At the conclusion of the charge, appellant was afforded an opportunity to object. After stating several objections, appellant specifically reserved his right to make further exceptions. See *White v. State*, 243 Ga. 250 (253 SE2d 694) (1979). Compare *Zant v. Akins*, 250 Ga. 5, 6 (2) (295 SE2d 313) (1982). On appeal, appellant enumerates the trial court's instruction on recent unexplained possession of stolen property. The instruction was: "[E]vidence of recent unexplained possession of a stolen vehicle *is sufficient in itself* to support a conviction for the crime of theft by taking." (Emphasis supplied.) Appellant urges that this instruction "was misleading and confusing to the jury. . . ." In specific, appellant contends that there was no evidence of his recent possession.

Although there was perhaps sufficient evidence to authorize a charge on the *principle* of recent possession, the charge that was actually given in the instant case was potentially "misleading and confusing to the jury" for another reason. The charge is an erroneously incomplete statement of the law and is inappropriate for use as a jury instruction. For purposes of *appellate* review, the following is the applicable rule: " '[R]ecent possession of stolen goods will not automatically support a guilty verdict for theft or burglary under the *Jackson v. Virginia* standard in every case. Instead, recent possession is to be viewed as probative evidence of the crime, [cit.], and reviewed along with the other evidence in the case to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.' [Cit.]" *Bankston v. State*, 251 Ga. 730, 731 (309 SE2d 369) (1983). In the *trial* of a theft by taking case, the jury should be instructed on the principle of recent unexplained possession in terms of a permissible inference. See *Chaney v. State*, 169 Ga. App. 616 (1) (314 SE2d 457) (1984). See also *Williamson v. State*, 248 Ga. 47, 56-58 (281 SE2d 512) (1981).

The instant charge on recent unexplained possession was not couched in terms of a permissible inference, but employed seemingly mandatory language. Evidence of recent unexplained possession of stolen property will authorize but not require the trior of fact to infer guilt and an appellate court *may* find it sufficient in itself to support a conviction for the crime of theft by taking. Such evidence *is* sufficient in itself to support a conviction only if the jury has found "that the presumed fact (the defendant committed the crime) follows from the proved facts (proof of a burglary [or a theft] and recent, unexplained possession of stolen goods by the defendant) *beyond a rea-*

*sonable doubt.*" (Emphasis in original.) *Williamson v. State*, supra at 58. Although there was more evidence of appellant's guilt than recent unexplained possession, we cannot say, with any degree of certainty, that the erroneous instruction was harmless. Under the charge, the jury might have totally disbelieved any other evidence of appellant's guilt but nonetheless concluded that a verdict of guilty was required simply because the State adduced evidence of appellant's recent unexplained possession.

The right to except to the charge having been preserved in the trial court and the erroneous charge having been enumerated on appeal, the only question for resolution is the effect of counsel's failure to argue in this court the more compelling reason why the instruction is a "misleading and confusing" jury charge. Had appellant's counsel filed an *Anders* motion, appellant would be entitled to a new trial as the result of this constitutionally infirm charge. When an *Anders* motion is filed, we conscientiously examine "the record and transcript to determine independently if there are any meritorious errors of law." *Jackson v. State*, 169 Ga. App. 701 (314 SE2d 716) (1984). To hold that appellant, on the other hand, is not entitled to a new trial simply because he is represented by counsel who did not specifically argue what we would have discovered had a request to withdraw as counsel also been filed would violate the spirit, if not the letter, of *Evitts v. Lucey*, 469 U. S. ___ (105 SC 830, 83 LE2d 821) (1985). "[I]f a State has created appellate courts as 'an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant,' [cit.], the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey*, supra at 83 LE2d 827. Appellant, having been represented by counsel who has consistently preserved the rights of his client to an appellate review of the charge, should not be denied that which would be afforded to a defendant whose counsel seeks only to withdraw from the appellate process. Appellant should be afforded a new trial wherein the jury will be properly instructed in terms of permissible evidentiary inferences rather than erroneously instructed as to what, for appellate purposes, "is sufficient in itself to support a conviction for the crime of theft by taking."

8. Appellant's remaining enumerations of error are not supported by meaningful argument or citation of authority. Accordingly, they are deemed abandoned. Court of Appeals Rule 15 (c) (2); *Northern Assur. Co. v. Roll*, 176 Ga. App. 893, 895 (338 SE2d 870) (1985).

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 3, 1986 —
REHEARING DENIED JULY 1, 1986.

*Donn M. Peevy*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Benjamin H. Oehlert III*, Assistant District Attorneys, for appellee.